UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,

Plaintiff,

v.

HUANG "JACKIE" JIE, *et al.*,

Defendants.

Case No. C13-877RSL

ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE

## I. INTRODUCTION

On May 17, 2013, plaintiff filed a complaint and a motion for temporary restraining order and order to show cause why a preliminary injunction should not issue in the above-captioned matter. Dkt. # 1, 2. Plaintiff seeks an emergency order prohibiting defendants from failing to comply with the Fair Labor Standards Act's ("FLSA") record-keeping requirements, terminating or otherwise retaliating against employees who are cooperating with a Department of Labor ("DOL") investigation, and communicating with employees about the DOL investigation. In addition, plaintiff asks the Court to require defendants to read a statement of rights under the FLSA to employees and to post this statement at work and in the housing facilities defendants provide for employees. Plaintiff argues that defendants have threatened to retaliate

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE- 1

against and harm employees who are cooperating with the DOL. Plaintiff further contends that the DOL investigation revealed that defendants are not maintaining employee and payroll records as required by the FLSA. Having reviewed plaintiff's complaint, motion for temporary restraining order and the supporting declarations, the Court GRANTS IN PART and DENIES IN PART plaintiff's motion for a temporary restraining order and order to show cause why a preliminary injunction should not issue.

## II. DISCUSSION

"Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted." LCR 65(b)(1). Before a court may issue a temporary restraining without written or oral notice to the adverse party, Rule 65 of the Federal Rules of Civil Procedure ("Rule 65") requires the moving party to set forth "specific facts in an affidavit or verified complaint [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). Additionally, the movant's attorney must provide a certified statement explaining the efforts undertaken to give notice and the reasons why notice should not be required in the particular case. Id. 65(b)(1)(B).

Because of the stringent restrictions imposed by Rule 65(b), courts have generally confined ex parte injunctive relief to two situations. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1131 (9th Cir. 2006). First, a plaintiff may obtain ex parte relief where notice to the adverse party is impossible either because the identity of the adverse party is unknown or because a known party cannot be located in time for a hearing. Id. Second, courts have recognized a "very narrow band of cases in which ex parte orders are proper because notice to the defendant would render fruitless

the further prosecution of the action." Id. (quoting Am. Can Co. v. Mansukhani, 742 F.2d 314, 322 (7th Cir. 1984)).

Plaintiff here does not allege facts consistent with either situation. In fact, plaintiff acknowledges that he knows both the identities and contact information of defendants, and that defendants were aware of the DOL's three-year investigation of them. Dkt. # 2 at 2. Although plaintiff's attorney has certified that she has sent defendants copies of the pleadings filed with the Court, she has not provided a single reason why notice and an opportunity to be heard should not be required in this case. Dkt. # 5. Furthermore, plaintiff does not show or allege specific facts from which this Court may conclude that irreparable harm will occur before defendants have an opportunity to be heard. The Court remains puzzled why immediate relief is required now, nearly five months after the conclusion of the DOL's investigation. See Dkt. # 2 at 2.

Faced with these deficiencies, the Court concludes that plaintiff has not satisfied his burden to justify the issuance of a temporary restraining order without giving defendants an opportunity to respond. The Court, however, expects defendants to comply with the anti-harassment and anti-retaliation provisions of the FLSA even in the absence of a temporary restraining order.

While the Court finds that ex parte injunctive relief is not warranted under the circumstances, the Court finds that matter should proceed to a preliminary injunction hearing. Plaintiff's motion for an order to show cause why a preliminary injunction should not issue is hereby GRANTED.

## III. CONCLUSION

For all of the foregoing reasons, plaintiff's motion for a temporary restraining order and for an order for defendants to show cause (Dkt. # 2) is GRANTED IN PART

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE- 3

and DENIED IN PART.  The Court DENIES plaintiff's motion for a temporary restraining order and GRANTS plaintiff's motion for an order requiring defendants to show cause why a preliminary injunction should not issue.  Defendants shall show cause before the Honorable Robert S. Lasnik in a hearing at 9:00 a.m. on June 19, 2013, why a preliminary injunction should not be entered.  Defendants may file and serve a written response to plaintiff's motion no later than Monday, June 10, 2013.  Plaintiff's reply, if any, shall be filed on or before June 14, 2013.  Plaintiff is hereby ORDERED to complete personal service on defendants of all of the pleadings submitted thus far on or before June 3, 2013.

DATED this 28th day of May, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING IN PART AND DENYING
IN PART MOTION FOR TEMPORARY RESTRAINING
ORDER AND ORDER TO SHOW CAUSE- 4