UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SETH D. HARRIS, ACTING SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>    Plaintiff,<br><br>    v.<br><br>HUANG "JACKIE" JIE, *et al.*,<br><br>    Defendants. | Case No. C13-877RSL<br><br>ORDER GRANTING MOTION TO DISMISS |

## I. INTRODUCTION

This matter comes before the Court on Defendants' "Motion to Dismiss Complaint Under FRCP 12(b)(6)" (Dkt. # 19). Plaintiff alleges that Defendants violated the minimum wage, overtime, and recordkeeping requirements of the Fair Labor Standards Act ("FLSA"). Having considered the arguments of the parties and the record herein, the Court GRANTS Defendants' motion.

## II. DISCUSSION

**A. Plaintiff's First Amended Complaint**

After Defendants filed their motion to dismiss, Plaintiff filed a First Amended Complaint. See Dkt. # 22. "[T]he general rule is that an amended complaint supercedes the original complaint and renders it without legal effect." Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Plaintiff's First Amended Complaint presents nearly

ORDER GRANTING MOTION TO DISMISS - 1

1  identical allegations to those set forth in his first complaint, with few exceptions.  The
2  few exceptions include allegations that the individual defendants, Huang "Jackie" Jie
3  and Zhao "Jenny" Zeng Hong, have the authority to hire and fire employees, set
4  employment policies and control the day-to-day operations of the corporate defendants
5  and that the two corporate defendants are employers within the meaning of the FLSA.
6  Dkt. # 24 ¶¶ III.  The First Amended Complaint also includes general allegations that
7  the Defendants' employees were and are engaged in interstate commerce within the
8  meaning of the FLSA, and that Defendants discriminated against their employees
9  through "acts of intimidation, threats to the employee's economic livelihood, and threats
10 of physical harm." Id. ¶¶ IV, XI.  Defendants have had an opportunity to respond to
11 Plaintiffs' new allegations.  The Court therefore considers Defendants' motion to
12 dismiss with respect to Plaintiff's First Amended Complaint.

**B.  Failure to State a Claim**

13      Although a complaint challenged by a Rule 12(b)(6) motion to dismiss need not
14 provide detailed factual allegations, it must offer "more than labels and conclusions"
15 and contain more than a "formulaic recitation of the elements of a cause of action."  Bell
16 Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  A complaint may be deficient for
17 one of two reasons: (I) absence of a legally cognizable theory or (ii) insufficient facts
18 under a cognizable claim.  Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534
19 (9th Cir. 1984).

        In ruling on a motion to dismiss under Rule 12(b)(6), the Court must assume the
20 truth of the plaintiff's allegations and draw all reasonable inferences in the plaintiff's
21 favor.  Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987).  However, "[a]
22 pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of
23 a cause of action will not do.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at
24 555). The question for the Court is whether the facts in the complaint sufficiently state a
25
26 ORDER GRANTING MOTION TO DISMISS - 2

"plausible" ground for relief.  Twombly, 550 U.S. at 570.  If the Court dismisses the complaint or portions thereof, it must consider whether the pleading could be cured by the allegation of additional facts, even in the absence of a request for leave to amend.  Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012).

To be covered by the FLSA's minimum wage, overtime and recordkeeping rules, "employees must be 'engaged in commerce or in the production of goods for commerce, or. . . employed in an enterprise engaged in commerce." Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 914 (9th Cir. 2003) (quoting 29 U.S.C. § 207(a)(1)).  Individual coverage exists if the employee is engaged in commerce, defined as "trade, commerce, transportation, transmission, or communication among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).  Enterprise coverage exists if there are "related activities performed (either through unified operation of common control) by any person or persons for a common business purpose."  Id. § 203(r)(1).  If these three requirements are satisfied, "different organizational units are grouped together for the purpose of determining FLSA coverage."  Chao, 346 F.3d at 915.  An "[e]nterprise engaged in commerce or in the production of goods for commerce" means an enterprise whose annual gross volume of sales or business is not less than $500,000 and whose employees are engaged in commerce or handle, sell, or work with products or materials that are in commerce.  29 U.S.C. § 203(s)(1).

Defendants contend that the First Amended Complaint lacks specific facts supporting an inference that they are covered employers under the FLSA. Dkt. # 19 at 4.  The Court agrees.  Plaintiff's statements that the individual defendants have the authority to hire and fire employees and control the day-to-day operations of the corporate defendants is insufficient to support a conclusion that defendants were employers within the meaning of the FLSA.  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009) (Plaintiffs' statement that defendant exercised control over their

ORDER GRANTING MOTION TO DISMISS - 3

day-to-day employment was insufficient to support the conclusion that defendant was plaintiffs' employer for purposes of the FLSA). Similarly, even though Plaintiff asserts the existence of both individual and enterprise coverage, the First Amended Complaint merely repeats the statutory requirements identified above. Dkt. # 24 ¶¶ IV-VII. There are no factual allegations from which the Court could conclude that the employees are engaged in commerce or employed by an enterprise engaged in commerce.

Contrary to Plaintiff's contention, the First Amended Complaint does not "include[] additional facts and specificity which establish jurisdiction and 'give the defendant fair notice of what the claim is and the grounds upon which it rests.'" Dkt. # 26 at 2 (quoting Bell, 550 U.S. at 555). Although Plaintiff purports to identify the employees who were denied minimum wage and overtime payments in an exhibit attached to the First Amended Complaint, Dkt. # 24 ¶¶ 3, 10, the information provided is devoid of any specific facts related to the employees. For example, there are no facts that would inform the Court which defendant employed (or employs) which employees. Plaintiff also fails to provide allegations regarding the employees' actual wages and when the alleged violations took place. Instead, Plaintiff's allegations merely repeat the language of the FLSA and its corresponding federal regulations. For example, Plaintiff alleges that

> [d]efendants have willfully violated and are violating the provisions of §§ 7 and 15(a)(2) of the Act by employing their employees . . . for workweeks longer than forty (40) hours without compensating said employees for all their employment in excess of 40 hours in such work weeks at rates not less than one and one-half the regular rates at which they were employed.

Dkt. # 24 ¶ IX. This allegation, however, "is a conclusion and not a factual allegation stated with any specificity." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 683 (9th Cir. 2009).

Plaintiff's statements related to Defendants' alleged minimum wage and recordkeeping violations are similarly lacking in specific factual allegations. Thus, the

ORDER GRANTING MOTION TO DISMISS - 4

Court concludes that the allegations in Plaintiff's First Amended Complaint fail to give Defendants fair notice of the claims and the grounds upon which they rest. See Twombly, 550 at U.S. 555.

### III. CONCLUSION

For all of the foregoing reasons, Defendants' motion to dismiss (Dkt. # 19) is GRANTED. Plaintiff may file a second amended complaint against Defendants within 30 days from the date of this Order. If no amended complaint is filed by that date or if the allegations do not remedy the deficiencies identified in this order, this matter will be closed. The Preliminary Injunction Hearing scheduled for September 9, 2013, is hereby STRICKEN. Plaintiff may seek to resume the Preliminary Injunction Hearing following timely submission of an amended complaint remedying the deficiencies discussed in this order. The Clerk of the Court is directed to place this order on the Court's calendar for Friday, October 4, 2013.

DATED this 30th day of August, 2013.

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION TO DISMISS - 5