1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8
9
10
11
12
13
14
15

THOMAS E. PEREZ, SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,

            Plaintiff,

   v.

HUANG "JACKIE" JIE, *et al.*,

            Defendants.

Case No.  C13-877RSL

ORDER DENYING MOTION
TO DISMISS, GRANTING IN
PART AND DENYING IN
PART MOTION TO
REINSTATE PRELIMINARY
INJUNCTION PROCEEDINGS,
AND DENYING MOTION TO
UNSEAL

16
17
18
19
20
21

     This matter comes before the Court on Defendants' "Brief Regarding Sufficiency of Plaintiff's Second Amended Complaint," dkt. # 54, Defendants' "Motion to Unseal Second Declaration of WHI Sproule," dkt. # 20, and Plaintiff's "Request for Reinstatement of a Preliminary Injunction Hearing and for Records from Defendants," dkt. # 46.  Having reviewed the memoranda and supporting documents submitted by the parties, the Court finds as follows:

22

## I.  BACKGROUND

23
24

     This employment case arises out of Defendants' alleged failure to comply with the minimum wage, overtime, and recordkeeping requirements of the Fair Labor

25
26

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 1

Standards Act ("FLSA").  Dkt. # 44 at 7-9.  Plaintiff, the U.S. Secretary of Labor, also alleges that Defendants Pacific Coast Foods, Inc., dba J & J Mongolian Grill ("J & J Mongolian Grill"), J & J Comfort Zone, Inc., dba Spa Therapy ("Spa Therapy"), and their owners, Huang Jie and his wife, Zhao Zeng Hong, violated the anti-retaliation provision of the FLSA.  Id. at 9-10.  Plaintiff contends that Defendants' violations were willful, id. at 10, and he seeks to recover unpaid wages owed to Defendants' employees, liquidated damages, and an injunction prohibiting Defendants from committing future violations of the FLSA.  Id. at 10-11.

In May 2013, Plaintiff sought a temporary restraining order and preliminary injunction enjoining Defendants from violating the FLSA.  Dkt. # 2.  The Court denied Plaintiff's motion for a temporary restraining order, dkt. # 9, and held a preliminary injunction hearing.  Dkt. # 23.  After hearing testimony and receiving evidence, the Court continued the hearing to September 12, 2013.  Id.  On August 30, 2013, the Court granted Defendants' motion to dismiss for failure to state a claim and struck the continued hearing date.  Dkt. # 42.  In the Court's Order dismissing Plaintiff's First Amended Complaint,[1] the Court granted Plaintiff leave to amend and permitted Plaintiff to request reinstatement of the preliminary injunction hearing following submission of an amended complaint.  Id. at 5.  Plaintiff timely filed a Second Amended Complaint and moved to reinstate the preliminary injunction proceedings.

---

[1]In response to Defendants' motion to dismiss, Plaintiff filed a First Amended Complaint pursuant to Fed. R. Civ. P. 15(a)(1)(B).  Dkt. # 24.  Because an amended complaint supercedes the original complaint, rendering it without legal effect, Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012), the Court applied Defendants' motion to dismiss to the First Amended Complaint.

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 2

## II.  DISCUSSION

### A.  Defendants' Second Motion to Dismiss

In the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the allegations of the complaint are accepted as true and construed in the light most favorable to plaintiff.  In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000).  The question for the Court is whether the well-pled facts in the complaint sufficiently state a "plausible" ground for relief.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In order to determine whether a claim rises above the speculative and attains plausibility, courts must consider not only the pleadings and documents that are an integral part of the complaint,[2] but also any "obvious alternative explanation" for defendant's conduct, Twombly, 550 U.S. at 567, based on the court's "judicial experience and common sense," Iqbal, 129 S. Ct. at 679.  How many supporting facts are necessary to make a claim plausible in light of the other competing explanations must be decided on a case-by-case basis.  Iqbal, 556 U.S. at 680.  If the Court dismisses the complaint or portions thereof, it must consider whether the pleading could be cured by the allegation of additional facts, even in the absence of a request for leave to amend.  Watison v. Carter, 668 F.3d 1108, 1117 (9th Cir. 2012).

---

[2]In their reply memorandum, Defendants ask the Court to strike Plaintiff's arguments based on the declaration of wage and hour investigator Ming Sproule, dkt. # 3, submitted in support of Plaintiff's motion for temporary restraining order and preliminary injunction.  Dkt. # 61 at 4.  Because the Court's review is generally limited to the contents of the complaint, documents attached to the complaint, documents referenced extensively in the complaint, and matters of judicial notice, the Court has not considered the exhibits attached to Plaintiff's opposition or the contents of and arguments related to Ms. Sproule's declaration.  United States v. Ritchie, 342 F.3d 903, 908 (9th Cir. 2003); Campanelli v. Bockrath, 100 F.3d 1476, 1479 (9th Cir. 1996).

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 3

Defendants contend that Plaintiff's Second Amended Complaint still fails to state a claim upon which relief may be granted. Defendants argue that the Second Amended Complaint is deficient in the following three ways: (1) it fails to provide specific allegations regarding the individual employees identified in Exhibit A attached to the Second Amended Complaint, (2) it does not allege any facts that Defendants meet the $500,000 annual gross sales volume requirement for their employees to be covered employees under the FLSA, and (3) it alleges no facts from which the Court could infer that the corporate Defendants are engaged in related activities for a common business purpose under the terms of the FLSA.

Contrary to Defendants' contentions, the Court finds that Plaintiff's Second Amended Complaint provides sufficient factual allegations, to give Defendants notice of the claims and the grounds upon which they rest. First, Exhibit A to the Complaint identifies the specific J & J Mongolian Grill and Spa Therapy employees who were allegedly denied minimum wage and overtime payments. Dkt. # 44 at 2; Dkt. # 45. Although the Second Amended Complaint does not provide an overwhelming amount of detail, it does assert that the J & J Mongolian Grill employees identified in Exhibit A were paid a lump sum each month regardless of the number of hours they worked. Dkt. # 44 at 8. Similarly, the Second Amended Complaint alleges that the Spa Therapy employees received a daily amount of pay that varied depending on the total amount of tips they received rather than on the number of hours they worked. Id. According to Plaintiff, these payments amounted to less than the FLSA's minimum wage. Id. Similarly, Plaintiff alleges that the named employees worked more than 40 hours per week and did not receive overtime compensation for the time worked in excess of 40 hours. Id. Combined with Plaintiff's allegations that the employees are covered employees under the FLSA because they are employed in an enterprise engaged in

commerce, these allegations are sufficient to inform Defendants of the alleged FLSA violations regarding the employees identified and the grounds upon which the claims rest.  See Quinonez v. Reliable Auto Glass, LLC, No. CV-12-000452-PHX-GMS, 2012 WL 2848426, at *2 (D. Ariz. July 11, 2012) ("The elements of an FLSA claim are: 1) plaintiff was employed by defendant during the relevant period; 2) plaintiff was [a covered employee]; and 3) the defendant failed to pay plaintiff minimum wage and/or overtime.").

Second, Plaintiff's Second Amended Complaint alleges sufficient facts to support his contention that the employees are covered employees under the FLSA.  To be covered by the FLSA's minimum wage, overtime and recordkeeping rules, "employees must be 'engaged in commerce or in the production of goods for commerce, or. . . employed in an enterprise engaged in commerce." Chao v. A-One Med. Servs., Inc., 346 F.3d 908, 914 (9th Cir. 2003) (quoting 29 U.S.C. § 207(a)(1)).  To be considered an "[e]nterprise engaged in commerce or in the production of goods for commerce," among other things, the defendant must have an annual gross volume of sales or business of not less than $500,000. 29 U.S.C. § 203(s)(1).[3]  Here, Plaintiff asserts that Defendants' gross annual volume of sales for each of the past three years was not less than $500,000. Dkt. # 44 at 7.  While brief, this allegation is all that is required at the pleading stage for the Court to infer that the employees identified in Exhibit A are covered employees under the FLSA.  Vega v. Peninsula Household Services, Inc., No. C-08-03815 JCS, 2009 WL. 656291, at *1, 4 (N.D. Cal. March 12, 2009) (finding plaintiff had alleged

_____

[3]Although Defendants do not challenge Plaintiff's allegations related to the interstate commerce requirement for enterprise coverage in their second motion to dismiss, the Court notes that Plaintiff's allegations about Defendants' involvement in commerce are sufficient to satisfy the pleading standards of Fed. R. Civ. P. 8(a).

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 5

sufficient facts regarding FLSA's enterprise coverage where plaintiff alleged that defendant had annual gross volume of sales totaling more than $500,000).

Finally, although Plaintiff's allegations regarding the "common business purpose" requirement of enterprise coverage may fail on the merits, the Court finds that they are sufficient to support a plausible claim for relief.  In addition to describing the business activities of J &J Mongolian Grill and Spa Therapy, the Second Amended Complaint asserts that the individual defendants exercise common control over the two corporate defendants, and one entity uses goods and supplies purchased by the other. Dkt. # 44 at 7.  Assuming the truth of these allegations as it must, the Court finds that Plaintiff has stated a claim upon which relief may be granted.  Defendants' second motion to dismiss is therefore DENIED.

**B.  Plaintiff's Motion to Reinstate Preliminary Injunction Proceedings**

Having filed a Second Amended Complaint in response to this Court's earlier ruling, Plaintiff asks the Court to reinstate the preliminary injunction hearing and order Defendants to produce their July and August 2013 payroll records ten days before the hearing.  Dkt. # 46 at 2.  Based on their argument that Plaintiff's Second Amended Complaint should be dismissed, Defendants contend that Plaintiff's motion is premature. Dkt. # 50 at 3.  Defendants agree, however, that if the Court denies their motion to dismiss the Second Amended Complaint and reinstates the preliminary injunction hearing, they will produce the July and August 2013 payroll records.  Id.

In order to obtain preliminary injunctive relief, a plaintiff must establish "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  Winter v. Natural Res. Def. Council Inc., 555 U.S. 374 (2008).  In addition, "serious questions going to the merits and a hardship balance

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 6

1   that tips sharply towards the plaintiff can support issuance of an injunction, so long as

2   the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the

3   public interest." <u>Alliance for the Wild Rockies v. Cottrell</u>, 622 F.3d 1045, 1053 (9th

4   Cir. 2010) (internal quotation marks omitted).  "A preliminary injunction is an

5   extraordinary remedy never awarded as of right."  <u>Winter</u>, 55 U.S. at 24.

6       In June 2013, the Court continued the preliminary injunction hearing in part

7   based on Defendants' counsel's assurances both in writing and during the hearing that

8   Defendants were aware of and agreed to comply with the wage, recordkeeping and anti-

9   retaliation provisions of the FLSA.  Dkt. # 46-1 at 55.  The Court was satisfied that there

10  was no risk of imminent harm at that time and granted Defendants additional time

    within which to show their compliance.  <u>Id.</u> at 56.

11      Plaintiff contends that the grounds set forth in his earlier memorandum are

12  sufficient to renew the preliminary injunction hearing.  Dkt. # 46 at 3.  However,

13  Plaintiff has not provided any evidence or even suggested that Defendants have failed to

14  comply with the FLSA or this Court's instructions since the initial hearing.  Absent any

15  indication in the record that Defendants are currently violating the wage payment and

16  anti-retaliation provisions of the FLSA, the Court finds that Plaintiff has not shown a

17  likelihood of irreparable harm in the absence of preliminary relief.  Plaintiff has not

18  presented any evidence or argument to alter the Court's position at the close of the

19  initial hearing.  Nevertheless, Plaintiff may renew its motion for preliminary injunction

20  should evidence supporting a finding of irreparable harm become available in the future.

21      Regarding Plaintiff's payroll records, the Court agrees with Plaintiff that neither

22  it nor Plaintiff is in a position to determine whether Defendants are complying with the

23  FLSA without reviewing Defendants' payroll records.  Pursuant to 29 C.F.R. § 516.7,

24  Defendants are hereby ORDERED to make available their July, August, and September

25  ORDER DENYING MOTION TO DISMISS, GRANTING
    IN PART AND DENYING IN PART MOTION TO
26  REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
    AND DENYING MOTION TO UNSEAL- 7

2013 payroll records for the employees identified in Exhibit A to the Second Amended Complaint within 30 days of the date of this Order.  Plaintiff's motion to reinstate the preliminary injunction hearing and for the production of Defendants' payroll records is GRANTED IN PART and DENIED IN PART.

**C. Defendants' Motion to Unseal**

Finally, Defendants seek an order unsealing the second declaration of wage and hour investigator Ming Sproule (Dkt. # 7) filed in support of Plaintiff's motion for a temporary restraining order and preliminary injunction.  Dkt. # 20.  Defendants contend that (1) Plaintiff failed to meet and confer before filing the declaration under seal as required by the Local Civil Rules and (2) Defendants' ability to mount a defense against Plaintiff's motion for preliminary injunction will be impaired without reviewing the statements in Ms. Sproule's sealed declaration.  Dkt. # 20 at 4-5.  As an alternative to unsealing the declaration, Defendants ask the Court to require Plaintiff to file a redacted version of the declaration.  Id. at 1.  Plaintiff argues in response that the declaration contains the identities and identifying information of cooperating employee witnesses, which is protected by the informant's privilege.  Dkt. # 27 at 4-6.  In light of the Court's decision denying reinstatement of the preliminary injunction hearing, the Court finds that Defendants have not shown a compelling need for the statements reflecting the identities of the cooperating witnesses at this time.[4]

The informant's privilege protects "the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Roviaro v. United States, 353 U.S. 53, 59 (1957).  The privilege is not absolute; rather,

---

[4]Because the statements in the sealed declaration regarding Defendants' alleged FLSA violations reflect particular incidents involving specific employees, the Court finds that requiring Plaintiff to file a redacted version of the declaration without the names of the cooperating employee witnesses would still reveal the identities of these witnesses.

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 8

the court must balance a litigant's need for the information against the public interest in preventing disclosure of the informant's identity. <u>Roviaro</u>, 353 U.S. at 60-61.  Once the government asserts the informant's privilege, the opposing party bears the burden of showing a compelling need for the information sufficient to overcome the privilege. <u>United States v. Sanchez</u>, 908 F.2d 1443, 1451 (9th Cir. 1990).

Several courts have upheld the informant's privilege in the context of alleged violations of the FLSA.  In a private action brought by individual plaintiffs rather than by the Secretary of Labor, the Ninth Circuit allowed plaintiffs to use pseudonyms to assert claims against their employers when the plaintiff-employees feared that disclosing their identities could lead to lost employment, physical violence, deportation, arrest, and imprisonment.  <u>See Does I Thru XXIII v. Advanced Textile Corp.</u>, 214 F.3d 1058, 1062-63, 1072-73 (9th Cir. 2000).  In actions brought by the Secretary of Labor, five other circuits have protected the identity of potential witnesses during discovery proceedings when the witnesses feared a retaliatory loss of employment.  <u>See, e.g.,</u> <u>Brock v. On Shore Quality Control Specialists, Inc.</u>, 811 F.2d 282, 283-84 (5th Cir. 1987); Usery v. Ritter, 547 F.2d 528, 531 (10th Cir. 1977); <u>Brennan v. Engineered Products, Inc.</u>, 506 F.2d 299, 303 (8th Cir. 1974); <u>United States v. Hemphill</u>, 369 F.2d 539, 542 (4th Cir. 1966); <u>Mitchell v. Roma</u>, 265 F.2d 633, 635-36 (3rd Cir. 1959).

Defendants argue that their need to prepare adequately for the preliminary injunction hearing outweighs the policy considerations underlying the informant's privilege.  However, Defendants fail to appreciate the FLSA's enforcement structure and the effect of that scheme on achieving the proper balance of disclosure in this case. Because Congress chose to enforce the FLSA through employee complaints rather than through a general scheme of supervision or inspection, effective enforcement of the FLSA requires that "employees [feel] free to approach officials with their grievances."

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 9

Mitchell v. Robert De Mario Jewelry, Inc., 361 U.S. 288, 292 (1960).  This freedom would be compromised if employees were forced to speak publicly and risk reprisals.  See id.  The majority view is that the public interest in protecting informants from retaliation and encouraging just administration of the FLSA outweighs a litigant's need for unrestricted access to sensitive information during discovery.  See, e.g., Brock v. R.J. Auto Parts & Service, Inc., 864 F.2d 677, 678 (10th Cir. 1988) (holding that "the district court erred in requiring the premature identification and designation of trial witnesses" when defendants had not shown substantial need for the information in the discovery stage).

The Court is satisfied that Plaintiff complied with the requirements of Local Civil Rule 5(g) before moving to seal Ms. Sproule's second declaration based on the record and the submissions of the parties.  At this stage of the litigation, Defendants have not shown that unsealing Ms. Sproule's second declaration would allow them to obtain critical information that is not available through other means.  There is currently no preliminary injunction hearing scheduled and the parties are just beginning the discovery phase of litigation.  Plaintiff has identified the named employees on behalf of whom he filed this action and Defendants have a variety of discovery tools at their disposal to uncover more specific information about Plaintiff's particular allegations concerning these employees.  Fed. R. Civ. P. 26(b) (scope of discovery in general); Fed. R. Civ. P. 30 (depositions); Fed. R. Civ. P. 33 (interrogatories); Fed. R. Civ. P. 34 (requests for production); Fed. R. Civ. P. 36 (requests for admission).  Defendants have yet to pursue these unprivileged areas of discovery, which will likely provide information related to the key issues in this litigation.

The alternative means available to Defendants and the early stage of this litigation weigh against finding a compelling need for disclosure of Ms. Sproule's

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 10

declaration setting forth the identities of the cooperating witnesses.  Plaintiff has presented evidence that the cooperating employee witnesses fear retaliation in the form of loss of employment, physical harm, damage to their property, and loss of housing. See Dkt. # 3 ¶ 16.  Although unsealing Ms. Sproule's declaration would certainly help Defendants prepare their defenses, Defendants' need for this information is not sufficient to overcome the public interest in preventing disclosure of cooperating witnesses' identities early in discovery.  The Court therefore DENIES Defendants' motion to unseal.

As a trial date approaches, however, the need for disclosure becomes more acute and the balance of interests shifts.  See Hemphill, 369 F.2d at 542.  This Order in no way prohibits the parties from moving to compel responses to discovery requests or from seeking a protective order so long as the parties have met and conferred pursuant to Fed. R. Civ. P. 37 and Local Civil Rule 37.

### III.  CONCLUSION

For all of the foregoing reasons, Defendants' second motion to dismiss (Dkt. # 54) is DENIED, Plaintiff's motion to reinstate the preliminary injunction proceedings and for production (Dkt. # 46) is GRANTED IN PART and DENIED IN PART, and Defendants' motion to unseal (Dkt. # 20) is DENIED.

DATED this 12th day of December, 2013.

Robert S. Lasnik
United States District Judge

ORDER DENYING MOTION TO DISMISS, GRANTING
IN PART AND DENYING IN PART MOTION TO
REINSTATE PRELIMINARY IN JUNCTION PROCEEDINGS,
AND DENYING MOTION TO UNSEAL- 11