UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>Plaintiff,<br><br>v.<br><br>HUANG "JACKIE" JIE, *et al.*,<br><br>Defendants. | Case No. C13-877RSL<br><br>ORDER GRANTING MOTION FOR PRELIMINARY INJUNCTION AND SANCTIONS |

This matter comes before the Court on Plaintiff's "Motion for Reinstatement of Preliminary Injunction Hearing and for Sanctions." Dkt. # 65. On February 25, 2014, the Court granted Plaintiff's motion to reinstate the preliminary injunction hearing and ordered Defendants to show cause why a preliminary injunction should not issue and why sanctions should not be imposed for failure to comply with the Court's order requiring Defendants to produce certain payroll records for Plaintiff's review. Defendants have not submitted a response to the Court's order to show cause. The Court held a hearing on March 27, 2014. Having reviewed Plaintiff's motion and supporting documents, and having considered the evidence presented during the hearing, the Court finds as follows:

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION AND SANCTIONS - 1

## I. BACKGROUND

This employment case arises out of Defendants' alleged failure to comply with the minimum wage, overtime, and recordkeeping requirements of the Fair Labor Standards Act ("FLSA"). Dkt. # 44 at 7-9. Plaintiff, the U.S. Secretary of Labor, also alleges that Defendants Pacific Coast Foods, Inc., dba J & J Mongolian Grill ("J & J Mongolian Grill"), J & J Comfort Zone, Inc., dba Spa Therapy ("Spa Therapy"), and their owners, Huang Jie and his wife, Zhao Zeng Hong, violated the anti-retaliation provision of the FLSA. Id. at 9-10. Plaintiff contends that Defendants' violations were willful, id. at 10, and he seeks to recover unpaid wages owed to Defendants' employees, liquidated damages, and an injunction prohibiting Defendants from committing future violations of the FLSA. Id. at 10-11.

In May 2013, Plaintiff sought a temporary restraining order and preliminary injunction enjoining Defendants from violating the FLSA. Dkt. # 2. The Court denied Plaintiff's motion for a temporary restraining order, dkt. # 9, and held a preliminary injunction hearing. Dkt. # 23. After hearing testimony and receiving evidence, the Court continued the hearing to September 12, 2013. Id. On August 30, 2013, the Court granted Defendants' motion to dismiss for failure to state a claim and struck the continued hearing date. Dkt. # 42. Plaintiff filed a Second Amended Complaint and moved to reinstate the preliminary injunction proceedings. Dkt. # 44; Dkt. # 46.

In December 2013, the Court denied Plaintiff's motion. Dkt. # 62 at 6-8. There was nothing in the record that suggested that Defendants were not complying with the FLSA's recordkeeping requirements or the FLSA's anti-retaliation provisions. Id. To enable Plaintiff and the Court to assess whether Defendants were in fact complying with the FLSA, the Court ordered Defendants to make available their July, August, and September 2013 payroll records for certain employees within 30 days of the date of that order. Id. at 7-8.

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION AND SANCTIONS - 2

Plaintiff has submitted evidence that Defendants have failed to produce complete records and asks the Court to impose sanctions for failure to comply with this Court's order. Dkt. # 65 at 4-5; Dkt. # 66. Even though Defendants produced approximately 50 pages of documents in January 2014, the documents produced included payroll summaries and time cards for Spa Therapy for September 2013 only. Dkt. # 66 ¶ 8. Similarly, the only time cards produced for J & J Mongolian Grill were those for September - December 2013. There were no time cards produced for either July or August 2013. Id. ¶¶ 9, 11. In addition, the records provided did not account for each employee identified in Exhibit A attached to the Second Amended Complaint, or include the total number of hours worked each workweek by the employees, the total daily or weekly straight-time earnings, or the date on which payments were made to the employees. Id. ¶ 13.

## II. DISCUSSION

### A.     Preliminary Injunction

Generally, a party seeking a preliminary injunction must establish the following four requirements: "that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Winter v. Natural Res. Def. Council, 555 U.S. 7, 20 (2008). When, however, the moving party seeks an injunction to prevent a violation of a federal statute and that statute specifically provides for injunctive relief, the Ninth Circuit does not require a showing of irreparable harm. United States v. Odessa Union Warehouse Co-op, 833 F.2d 172, 175 (9th Cir. 1987); see also Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1175-76 (9th Cir. 2010) ("the standard requirements for equitable relief need not be satisfied when an

injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief.") (internal quotation marks and citations omitted).[1]

The evidence presented during the hearing reveals that Defendants' records do not comply with the FLSA's recordkeeping requirements in several ways.  For example, the records do not identify the employees' regular hourly pay rates, the total number of hours worked each day, or the total straight-time and overtime wages earned during the workday or workweek.  See 29 C.F.R. § 516.2.  Based on the investigators' surveillance of the Defendants and their employees and the inconsistencies between the records produced and the activity observed by the investigators, Plaintiff has demonstrated a likelihood of success on the merits.

In this case, there is no question that the balance of equities tips in Plaintiff's favor and an injunction is in the public interest.  In cases involving the Secretary of Labor , the Court "must give substantial weight to the fact that the Secretary seeks to vindicate a public, and not a private right."  Marshall v. Chala Enterprises, Inc., 645 F.2d 799, 808 (9th Cir. 1981).  During the hearing, Plaintiff clarified that the only equitable relief he seeks at this time is an order requiring Defendants to provide notice to their employees of the FLSA's anti-retaliation requirement.  Specifically, Plaintiff seeks an order requiring Defendants to post a notice in the workplaces, provide a copy of the notice to each employee with his or her paycheck, and permit a Department of Labor ("DOL") representative to read the notice aloud to Defendants' employees.  Under the circumstances presented, the Court finds that Plaintiff has satisfied his burden and therefore, GRANTS Plaintiff's motion for preliminary injunction.

---

[1] The FLSA provides that "[t]he district courts. . .shall have jurisdiction, for cause shown, to restrain violations of section 215 of this title."  29 U.S.C. § 217.

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION AND SANCTIONS - 4

**B.     Request for Sanctions**

Plaintiff urges this Court to impose sanctions against Defendants pursuant to its inherent authority. See, e.g., Chambers v. NASCO, Inc., 501 U.S. 32 (1991).[2] Under its inherent power, a court may sanction an attorney or party who has acted (1) in bad faith or (2) in willful disobedience of a court order. Id. at 45-46 (internal quotation marks and citations omitted); Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2012). In the case of bad faith or improper motive, the court must make an explicit finding of bad faith; whereas, a court may impose sanctions for failure to obey a court order without proof of bad faith or improper motive. Evon, 688 F.3d at 1035. In either circumstance, the inherent authority to sanction is not a broad power, but a narrow, implied power that must be exercised with restraint and discretion. Chambers, 501 U.S. at 44.

Plaintiff has not demonstrated that Defendants have acted in bad faith. Nevertheless, the record in this case shows that Defendants have failed to comply with this Court's order requiring production of full payroll records for certain employees for the months of July, August, and September 2013. Dkt. # 66 ¶¶ 6-13. Defendants have had ample time to collect these records, as they first agreed to provide them to Plaintiff in August 2013. Dkt. # 46-2 at 1. Under these circumstances, the Court finds the imposition of sanctions appropriate. Defendants have multiplied the proceedings unnecessarily and forced Defendants to bring the present motion. Defendants are hereby ordered to produce complete July, August, and September payroll records for the

---

[2] The Court may also impose sanctions in this case under Local Civil Rule 11, which provides that "[a]n attorney or party who without just cause fails to comply with any of the Federal Rules of Civil or Criminal procedures, these rules, or an order of the court . . . or who otherwise so multiplies or obstructs the proceedings in a case may, in addition to or in lieu of the sanctions and penalties provided elsewhere in these rules, be required by the court to satisfy personally such excess costs and may be subject to such other sanctions as the court may deem appropriate." LCR 11(c).

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION AND SANCTIONS - 5

employees identified in Exhibit A to the Second Amended Complaint (Dkt. # 45) within 14 days of the date of this Order.  Defendants are sanctioned in the amount of $250.00.

## III.  CONCLUSION

For all of the foregoing reasons, Plaintiff's motion for preliminary injunction and for sanctions (Dkt. # 65) is GRANTED.  Defendants shall, within ten days of the date of this Order, submit to the Clerk's Office a check made payable to the Clerk of Court along with a copy of this Order.

Within 30 days from the date of this Order, Defendants must permit a DOL representative to read aloud the following statement in English and Mandarin to Defendants' employees during working hours:

> You are protected by the Fair Labor Standards Act and have the right to participate freely in the investigation, and the lawsuit arising from that investigation that the U.S. Government is bringing against Huang "Jackie" Jie, Zhao "Jenny" Zeng Hong, Pacific Coast Foods, Inc. dba J & J Mongolian Grill, and J & J Comfort Zone, Inc. dba Spa Therapy and others ("Lawsuit"), alleging failure to pay wages as required by law.
>
> If Huang "Jackie" Jie, Zhao "Jenny" Zeng Hong, Pacific Coast Foods, Inc. dba J & J Mongolian Grill, and J & J Comfort Zone, Inc. dba Spa Therapy or anyone acting on his, her or their behalf approached or approaches you regarding the U.S. Department of Labor's investigation and Lawsuit alleging violations of the Fair Labor Standards Act, you have a right to be free of any coercion from him, her or them.  The Court reminds you that you have a right to speak with investigators or other officials from the U.S. Department of Labor and to testify truthfully and free from coercion and that you should not be concerned, intimidated, or restrained by any statement Huang "Jackie" Jie, Zhao "Jenny" Zeng Hong, Pacific Coast Foods, Inc. dba J & J Mongolian Grill, and J & J Comfort Zone, Inc. dba Spa Therapy made to you under coercive circumstances.

Defendants shall post two copies of this statement, one in English and one in Mandarin, at each of Defendants' work sites.  Defendants shall also include two copies of this statement, one in English and one in Mandarin, with each employee's paycheck.

1       DATED this 31st day of March, 2014.

                                   /s/ Robert S. Lasnik
                                   Robert S. Lasnik
                                   United States District Judge

ORDER GRANTING MOTION FOR PRELIMINARY
INJUNCTION AND SANCTIONS - 7