UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
                                                                  )
THOMAS E. PEREZ, SECRETARY OF       )
LABOR, UNITED STATES                              )
DEPARTMENT OF LABOR,                          )   No. C13-877RSL
                                                                  )
                    Plaintiff,                                )
        v.                                                       )   ORDER GRANTING MOTION TO
                                                                  )   WITHDRAW ADMISSIONS AND
                                                                  )   DENYING MOTION FOR SUMMARY
HUANG "JACKIE" JIE, *et al.*,                   )   JUDGMENT
                                                                  )
                    Defendants.                         )
_____)

This matter comes before the Court on "Plaintiff's Motion for Summary Judgment," dkt. # 74, and Defendants' "Motion to Withdraw Admissions," dkt. # 79. Plaintiff seeks summary judgment on his claim that Defendants violated the Fair Labor Standards Act ("FLSA"). Plaintiff's motion relies on facts deemed admitted by virtue of Defendants' failure to respond to Plaintiff's requests for admissions within 30 days. Defendants seek an order permitting withdrawal of the admissions pursuant to Fed. R. Civ. P. 36(b). Having reviewed the parties' memoranda and supporting documents, the Court finds the following:

## BACKGROUND

This employment case arises out of Defendants' alleged failure to comply with the FLSA's minimum wage, overtime, and record-keeping requirements. Second Am. Compl. (Dkt.

# 44) at 7-9. Plaintiff, the U.S. Secretary of Labor, also alleges that Defendants Pacific Coast Foods, Inc., dba J & J Mongolian Grill ("J & J Mongolian Grill"), J & J Comfort Zone, Inc., dba Spa Therapy ("Spa Therapy"), and their owners, Huang Jie and his wife, Zhao Zeng Hong, violated the anti-retaliation provision of the FLSA. Id. at 9-10. Plaintiff contends that Defendants' violations were willful, id. at 10, and he seeks to recover unpaid wages owed to Defendants' employees, liquidated damages, and an injunction prohibiting Defendants from committing future violations of the FLSA. Id. at 10-11.

On March 31, 2014, the Court granted Plaintiff's motion for a preliminary injunction, requiring Defendants to provide notice to their employees of the FLSA's anti-retaliation requirement. Order (Dkt. # 73) at 3-4. The Court also imposed sanctions on Defendants based on their failure to comply with the Court's previous order requiring the production of payroll records for certain employees for July, August, and September of 2013. The Court directed Defendants to produce these records within 14 days of the Court's order. Id. at 5-6.

Plaintiff served Defendants with his first set of discovery on April 16, 2014. Decl. of Jeannie Gorman ("Gorman Decl.") (Dkt. # 75) ¶ 2. These discovery requests consisted of requests for admission, interrogatories, and requests for production. Id.; Mot. for Summ. J. (Dkt. # 74), Ex. 1. When Plaintiff did not receive responses to these discovery requests within the time allowed by the Federal Rules of Civil Procedure ("Rules"), counsel for Plaintiff sent Defendants' counsel a letter stating that the requests for admission were deemed admitted pursuant to Rule 36(a)(3). Gorman Decl. (Dkt. # 75) ¶ 4; Mot. for Summ. J. (Dkt. # 74), Ex. 2. On or about that same day, Defendants' counsel called counsel for Plaintiff and explained that he was working with his clients to respond to the discovery requests. Gorman Decl. (Dkt. # 75) ¶ 4. Two weeks later, Defendants provided their responses to these requests. Supplemental Decl. of Jeannie Gorman ("Supplemental Gorman Decl.") (Dkt. # 77) ¶ 5.

ORDER GRANTING MOTION FOR
WITHDRAWAL OF ADMISSIONS
AND DENYING MOTION FOR
SUMMARY JUDGMENT                    -2-

## DISCUSSION

**A.     Withdrawal of Admissions**

Rule 36, which governs requests for admission, provides that a matter is deemed admitted unless the responding party serves written answers or objections to the requests for admission within 30 days after receipt. Fed. R. Civ. P. 36(a)(3). Matters admitted under Rule 36 are conclusively established unless the court allows the admissions to be withdrawn or amended. "[T]he court may permit withdrawal or amendment if it would promote the presentation of the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Fed. R. Civ. P. 36(b).[1] Rule 36(b) is permissive. Thus, if the Court finds that the two elements of Rule 36(b)'s test are met, the Court may, but is not required to, permit the withdrawal of the admissions. Conlon v. United States, 474 F.3d 616, 624-25 (9th Cir. 2007). The Court must consider both factors before granting or denying a motion to withdraw admissions. Id. at 622.

"The first half of the test in Rule 36(b) is satisfied when upholding the admissions would practically eliminate any presentation of the merits of the case." Hadley v. United States, 45 F.3d 1345, 1348 (9th Cir. 1995). Plaintiff's motion for summary judgment is based solely on the admissions resulting from Defendant's failure to respond to the requests for admission within the time allowed. See Mot. for Summ. J. (Dkt. # 74) at 3. The admissions Defendants seek to withdraw include admissions that Defendants did not pay their employees minimum wage, did not pay employees who worked more than 40 hours per week overtime at a rate of one and a half times their hourly rates of pay, did not maintain records required by the FLSA, and threatened employees after the U.S. Department of Labor initiated an investigation. Mot. for Summ. J. (Dkt. # 74), Ex. 1 at 7, 10-11. The first prong of Rule 36(b)'s test is satisfied in this case

---

[1] The text of Rule 36(b) was amended in 2007, but the changes in language were stylistic only. Fed. R. Civ. P. 36 advisory committee's note.

ORDER GRANTING MOTION FOR
WITHDRAWAL OF ADMISSIONS
AND DENYING MOTION FOR
SUMMARY JUDGMENT                    -3-

because allowing the admissions to stand would eliminate any determination of the merits. Conlon, 474 F.3d at 622 (finding first prong met where defendant filed motion for summary judgment relying on admissions under Rule 36(a)(3)); Hadley, 45 F.3d at 1348 (finding first prong met where the admissions plaintiff sought to withdraw admitted the necessary elements of the counterclaim against plaintiff).

Turning to the second prong, the party relying on the deemed admissions has the burden of demonstrating prejudice. Conlon, 474 F.3d at 622. This inquiry turns on whether the nonmoving party would suffer prejudice at trial. Id. The inconvenience that may result if the admissions are withdrawn, without more, is insufficient to show prejudice. See Hadley, 45 F.3d at 1349. Furthermore, the Ninth Circuit has concluded that "reliance on a deemed admission in preparing a summary judgment motion does not constitute prejudice." Conlon, 474 F.3d at 624.

Here, Plaintiff concedes that neither his reliance on the admissions for summary judgment nor the two week delay in receiving Defendants' responses prejudice his case. Opp. to Mot. to Withdraw (Dkt. # 82) at 6. Rather, Plaintiff argues that he would be prejudiced if the admissions are withdrawn because Defendants' responses are incomplete and Defendants have "failed to provide any evidence, other than their bare assertions, that they complied with the FLSA." Id. at 5-6. These reasons, however, do not suggest that Plaintiff will suffer prejudice at trial should the Court grant Defendants' motion.

The trial in this case is currently set for February 2, 2015, and the deadline for completing discovery is October 5, 2014, more than two months away. Scheduling Order (Dkt. # 63). Dispositive motions must be filed by November 4, 2014. Id. Plaintiff has ample time to pursue additional discovery based on Defendants' responses. Moreover, to the extent that Plaintiff is dissatisfied with Defendants' discovery responses, Plaintiff has several tools at his disposal. For example, Plaintiff may file a motion regarding the sufficiency of an answer or objection to the requests for admission pursuant to Rule 36(a)(6). As for Plaintiff's concerns regarding

Defendants' failure to produce documents and provide complete responses to interrogatories, Plaintiff may file a motion to compel, but only after the parties have conferred in good faith and reached impasse pursuant to Rule 37(a)(1) and Local Civil Rule 37(a)(1)(A).[2] Plaintiff has not filed a motion to compel or a motion for sanctions related to Defendants' discovery responses. Under the circumstances presented, therefore, the Court finds that upholding the admissions in this case would be an inappropriate remedy for Plaintiff's alleged harm during discovery. Because Plaintiff has not demonstrated that he would suffer prejudice at trial as a result of the withdrawal of the admissions, the Court GRANTS Defendants' motion to withdraw. Defendants' responses, served on Plaintiff on May 30, 2014, stand.

While the Court is inclined to withdraw the admissions under the circumstances presented in favor of resolution on the merits, the Court takes this opportunity to note its discontent with Defendants' lackadaisical approach to this litigation. Defendants are required to comply with the deadlines set by the Court, the Federal Rules of Civil Procedure, and the Local Civil Rules. Failure to do so in the future may result in further sanctions.

**B.  Summary Judgment**

The moving party is entitled to summary judgment under Rule 56 "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986). The moving party bears the initial burden of showing the absence of a genuine issue of

---

[2] The Court notes that the record does not suggest that parties are anywhere near impasse. A good faith effort to resolve discovery disputes involves an exchange of information until no additional progress is possible. The record in this case shows that Plaintiff's counsel has been aware for some time that counsel for Defendants is working with his clients to provide responses. Gorman Decl. (Dkt. # 75) ¶ 4. Furthermore, Defendants' counsel has indicated that Defendants plan to supplement their responses. Mot. to Withdraw (Dkt. # 79) at 5.

ORDER GRANTING MOTION FOR
WITHDRAWAL OF ADMISSIONS
AND DENYING MOTION FOR
SUMMARY JUDGMENT                    -5-

material fact. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 323 (1986). If the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts showing a genuine issue for trial. <u>Devereaux v. Abbey</u>, 263 F.3d 1070, 1076 (9th cir. 2001). If the moving party bears the burden of persuasion at trial, it must show that "the evidence is so powerful that no reasonable jury would be free to disbelieve it." <u>Shakur v. Schriro</u>, 514 F.3d 878, 890 (9th Cir. 2008) (internal quotation marks and citation omitted).

In moving for summary judgment, Plaintiff relies solely on the matters deemed admitted due to Defendants' failure to respond to Plaintiff's requests for admissions within 30 days of receipt. Mot. for Summ. J. (Dkt. # 74) at 3, 8, 13-14. Having withdrawn those admissions, the Court finds that Plaintiff has not met his initial burden of demonstrating the absence of a genuine issue of material fact. Plaintiff's motion for summary judgment is, therefore, DENIED.

## CONCLUSION

For all of the foregoing reasons, Defendants' motion to withdraw admissions (Dkt. # 79) is GRANTED and Plaintiff's motion for summary judgment (Dkt. # 74) is DENIED.

DATED this 1st day of August, 2014.

*[signature]*

Robert S. Lasnik
United States District Judge

ORDER GRANTING MOTION FOR
WITHDRAWAL OF ADMISSIONS
AND DENYING MOTION FOR
SUMMARY JUDGMENT                    -6-