1
2
3
4
5
6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

7
8
9

THOMAS E. PEREZ, SECRETARY OF
LABOR, UNITED STATES
DEPARTMENT OF LABOR,

Plaintiff,

v.

HUANG "JACKIE" JIE, *et al.*,

Defendants.

Case No. C13-877RSL


ORDER GRANTING IN PART
MOTION FOR SANCTIONS AND
FOR EVIDENTIARY INFERENCE
AT TRIAL

10
11
12
13
14
15
16

This matter comes before the Court on "Plaintiff's Motion For Sanctions And For Evidentiary Inference At Trial." Dkt. # 87. Having reviewed the memoranda, declarations, and exhibits submitted by the parties, the Court finds as follows:

## I. BACKGROUND

This employment case arises out of defendants' alleged failure to comply with the minimum wage, overtime, and record-keeping requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. Dkt. # 44 (SAC) at 7-9. Plaintiff, the U.S. Secretary of Labor, also alleges that defendants Pacific Coast Foods, Inc., dba J & J Mongolian Grill ("J & J Mongolian Grill"), J & J Comfort Zone, Inc., dba Spa Therapy ("Spa Therapy"), and their owners, Huang Jie and his wife, Zhao Zeng Hong, violated the anti-retaliation provision of the FLSA. Id. at 9-10. Plaintiff contends that defendants' violations were willful, id. at 10, and he

ORDER GRANTING IN PART MOTION FOR SANCTIONS
AND FOR EVIDENTIARY INFERENCE AT TRIAL - 1

1   seeks to recover unpaid wages owed to defendants' employees, liquidated damages, and an

2   injunction prohibiting defendants from committing future violations of the FLSA, id. at 10-11.

3   The record indicates that defendants first received notice that they were being investigated by the

4   Department of Labor ("DOL") in February 2012.  Dkt. # 3 at 2-3 (Sproule Decl. ¶¶ 5, 8-9).

5   Plaintiff brought this action in May 2013.  Dkt. # 1 (Compl.).

6         On December 12, 2013, the Court ordered defendants to produce their July, August, and

7   September 2013 payroll records for certain employees (identified in Exhibit A attached to the

8   Second Amended Complaint, Dkt. # 45) within 30 days of the date of that order.  Dkt. # 62 at 7-

9   8.  On March 31, 2014, the Court imposed sanctions on defendants for failing to comply with

10  this order and directed them to do so within 14 days.  Dkt. # 73 at 3, 5-7.  Defendants had

11  produced approximately 50 pages of documents in January 2014; however, the documents

12  produced included payroll summaries and time cards for Spa Therapy for September 2013 only.

13  Dkt. # 66 (Sproule Decl.) ¶ 8.  Similarly, the only time cards produced for J & J Mongolian Grill

14  were those for September-December 2013.  Id. ¶¶ 9, 11.  There were no time cards produced for

15  either July or August 2013.  In addition, the records provided did not account for each employee

16  in Exhibit A, or include the total number of hours worked each workweek by the employees, the

17  total daily or weekly straight-time earnings, or the date on which payments were made to the

18  employees.  Id. ¶ 13.

19        On October 17, 2014, plaintiff filed the instant motion, arguing that defendants have still

20  failed to produce complete records.  Dkt. # 78 at 1.  Plaintiff urges the Court to use its inherent

21  powers to impose severe sanctions on defendants for failing to comply with its orders and for

22  committing spoliation of evidence.  Id. at 3-4.  Citing the deposition testimony of defendant

23  Huang Jie, defendants respond that they unintentionally allowed payroll records for "J & J

24  Comfort Zone" to be destroyed when that business closed its Lynnwood, WA location in 2010,

25  two years prior to when defendants received notice that the Department of Labor ("DOL") was

26  investigating them.  Dkt. # 94 at 2 (Defs.' Resp.); Dkt. # 99-1 at 24-26 (Jie Dep. 116:16-118:15).

27

28  ORDER GRANTING IN PART MOTION FOR SANCTIONS
    AND FOR EVIDENTIARY INFERENCE AT TRIAL - 2

1   Defendants insist that they have provided the remaining records in their possession, which

2   concern J & J Mongolian Grill employees for the years 2012 and 2013.  Dkt. # 94 at 2.

3   Defendants have provided no clear explanation for what happened to other still-missing Spa

4   Therapy payroll records, including the records for July and August 2013 that the Court has twice

5   ordered them to produce.  In its reply, plaintiff points to portions of Jie's deposition that suggest

6   that defendants first lost Spa Therapy payroll records in January 2012, Dkt. # 99-1 at 5 (Jie Dep.

7   57:7-19), and then lost later payroll records after this lawsuit began, id. at 26-28 (Jie Dep.

8   118:16-120:6).  Because defendants insist that they have produced all payroll records in their

9   custody, the Court can only infer that all missing payroll records have been permanently lost.

10                                            **II.  DISCUSSION**

11          **A.       Standards for Spoliation and Sanctions**

12          Spoliation is the "destruction or significant alteration of evidence, or the failure to

13   preserve property for another's use as evidence, in pending or future litigation."  Kearney v.

14   Foley & Lardner, LLP, 590 F.3d 638, 649 (9th Cir. 2009) (citation omitted).   A defendant

15   commits spoliation only where he has some notice that the destroyed evidence is potentially

16   relevant to a claim.  See United States v. Kitsap Phys. Service, 314 F.3d 995, 1001 (9th Cir.

17   2002).  Thus, the duty to preserve evidence is triggered when a party knows or reasonably

18   should know that the evidence may be relevant to pending or future litigation.  See In re Napster,

19   Inc. Copyright Litig., 462 F. Supp. 2d 1060, 1068-69 (N.D. Cal. 2006) (citation omitted).

20          Pursuant to its inherent powers to control the litigation before it, a district court may levy

21   sanctions, including the entry of judgment, for spoliation of evidence.  See United States v.

22   $40,955.00 in U.S. Currency, 554 F.3d 752, 758 (9th Cir. 2009).[1]  However, the Court's inherent

23   authority to sanction is a narrow power that must be exercised with restraint and discretion.

24   Chambers v. NASCO, Inc., 501 U.S. 32, 44 (1991).  Whether a defendant's spoliation of

25   _____
26   [1] The Court may alternatively impose spoliation sanctions under Fed. R. Civ. P. 37 where the spoliation
     violates a Court order to provide or permit discovery.  Leon v. IDX Syss. Corp., 464 F.3d 951, 958 (9th
27   Cir. 2006).

28   ORDER GRANTING IN PART MOTION FOR SANCTIONS
     AND FOR EVIDENTIARY INFERENCE AT TRIAL - 3

evidence was the product of bad faith is a factor in what type of sanction should be imposed. Apple, Inc. v. Samsung Electronics Co., 888 F. Supp. 2d 976, 992, 998 (N.D. Cal. 2012) ("Apple II"); see Glover v. BIC Corp., 6 F.3d 1318, 1329 (9th Cir. 1993) (bad faith sufficient, but not necessary, to justify adverse-inference jury instruction as a spoliation sanction).

### B.     Pre-Notice Loss of Records

In 2010 or 2012, defendants lost payroll records prior to being notified that the DOL was investigating them;[2] because defendants lacked notice of a pending or future litigation at this time, their failure to preserve these records did not constitute spoliation.  Plaintiff argues that defendants' failure to preserve these records violated federal law, and cite authority from outside of this Circuit for the proposition that failure to maintain records pursuant to federal regulations may be considered spoliation.  E.g., Byrnie v. Town of Cromwell, Bd. of Educ., 243 F.3d 93, 108-09 (2d Cir. 2001).  It is true that employers are obligated to keep proper records of wages, hours, and other conditions and practices of employment.  29 U.S.C. § 211(c); 29 C.F.R. §§ 516.2, 516.5.  However, the Ninth Circuit has never held that an employer's failure to maintain such records could by itself amount to spoliation and be sanctioned as such, absent the employer's awareness of pending or future litigation.  Rather, the specific remedy for an employer's failure to maintain such records is for the Court to shift evidentiary burdens to favor the plaintiff suing this employer.

Where an employer's payroll records are inaccurate or inadequate, and an employee suing for back wages under the FLSA cannot offer convincing substitutes, this employee carries his burden if (a) he proves that he has in fact performed work for which he was improperly

---

[2] Mr. Jie's deposition testimony is contradictory about when these records were lost.  Jie testified that the records were destroyed by a cleaning company when J & J Mongolian Grill's Lynwood, WA location was closed in "2010," Dkt. # 99-1 at 24-26 (Jie Dep. 116:16-118:15), but stated earlier in his deposition that this store closure (and thus presumably the loss of records) occurred in "January 2012," id. at 5 (Jie Dep. 57:7-10).  Defendants' brief is similarly contradictory, stating at the outset that records were lost in 2010 and later stating that this occurred in 2012.  Dkt. # 94 at 2, 4.  Thus, it is unclear which pre-2012 payroll records were lost and when.  However, given the remedies that the Court has selected for defendants' failure to preserve its records, the Court need not resolve this fact issue.

ORDER GRANTING IN PART MOTION FOR SANCTIONS
AND FOR EVIDENTIARY INFERENCE AT TRIAL - 4

compensated and (b) he produces sufficient evidence to show the amount and extent of that work as "a matter of just and reasonable inference." Brock v. Seto, 790 F.2d 1446, 1448 (9th Cir. 1986) (quoting Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in IBP, Inc. v. Alvarez, 546 U.S. 21, 41 (2005)). The burden then shifts to the employer to show the precise number of hours worked or to present evidence sufficient to negate the reasonableness of the inference to be drawn from the employee's evidence. Id. The employer will have no defense that the ultimate award of back wages is imprecise, where the imprecision arose from the employer's failure to keep records as required by the FLSA. Id.

The above burden-shifting remedy is appropriate in this case, where plaintiff is the Secretary of Labor suing for the back wages of defendants' employees. Id. at 1449; see also McLaughlin v. Ho Fat Seto, 850 F.2d 586, 589 (9th Cir. 1988). The jury will therefore be given a jury instruction similar to the one given in Robinson v. Food Service of Belton, Inc., 415 F. Supp. 2d 1232, 1237 (D. Kan. 2005):

> Defendants have the responsibility to record completely and accurately the hours worked by their employees. To the extent that defendants' records are not complete or accurate, plaintiff may establish a violation of the FLSA if he proves by a preponderance of the evidence that a given employee performed work for which he or she was not properly compensated and comes forward with sufficient evidence to support a reasonable inference of the hours worked.
>
> If plaintiff makes the above showing, then the burden shifts to defendants to come forward with evidence of the precise amount of work performed by this employee or with evidence to negate the reasonableness of the inference to be drawn from plaintiff's evidence. If defendants fail to produce such evidence, then you may award damages to plaintiff relating to this employee even though such damages may be only approximate.

## C.      Post-Notice Loss of Records

The destruction of payroll records that apparently occurred after the start of this litigation does constitute spoliation.[3] See Dkt. # 99-1 at 26-28 (Jie Dep. 118:16-120:6). The question

---

[3] Defendants suggest that the letter they received from the DOL in February 2012 requesting payroll records and other information did not give them adequate notice that these records would be relevant to future litigation. Dkt. # 94 at 2. Specifically, they argue that Mr. Jie's lack of English-language

facing the Court is how it should sanction this spoliation.[4]  Plaintiff requests sanctions (a)

precluding defendants from introducing any evidence to refute plaintiff's reconstruction of the

back wages due; (b) striking any testimony from defendants' witnesses concerning what

defendants' payroll or timekeeping records would have provided; and (c) instructing the jury that

defendants have failed to pay their employees in compliance with the FLSA.  Plaintiff proposes

that the Court adopt and issue the adverse-inference jury instruction ordered by the Magistrate

Judge in Apple, Inc. v. Samsung Electronics Co. Ltd., 881 F. Supp. 2d 1132, 1151 (N.D. Cal.

2012) ("Apple I") (instructing that the jury "may presume" that destroyed evidence was relevant

and would have favored plaintiff), which was later modified by the District Judge in favor of a

less severe instruction in Apple II, 888 F. Supp. 2d at 1000.  Dkt. # 87 at 10.  Alternatively,

plaintiff seeks an entry of default judgment or the dismissal of defendants' affirmative defenses.

Id. at 11.

          In determining what spoliation sanction to impose, the Court should consider defendants'

degree of fault for the spoliation, the degree of prejudice faced by plaintiff as a result of the

spoliation, and whether a lesser sanction than the one contemplated will avoid substantial

unfairness to plaintiff.  Id. at 976 (citations omitted).  Before granting dispositive relief as a

spoliation sanction, the Ninth Circuit requires this Court to consider a longer list of factors: (1)

the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its

---

proficiency limited his ability to understand this letter.  Id.  This argument is unconvincing, given that
the letter was delivered in person by Wage Hour Investigator Ming Sproule, who claims that she spoke
to Mr. Jie in Mandarin Chinese and explained Jie's record-keeping obligations under the FLSA.  Dkt.
# 3 at 2-3 (Sproule Decl. ¶¶ 5, 8-9).  There is room to debate what exactly the letter (which has not been
presented to the Court) or Ms. Sproule conveyed about the likelihood of litigation; however, the Court
need not resolve this issue, as Mr. Jie's deposition indicates that payroll records were destroyed after
this case began, at which point defendants had the requisite notice and their duty to preserve records as
litigants had clearly been triggered.  See Dkt. # 99-1 at 26-28 (Jie Dep. 118:16-120:6) (stating that a
cleaning crew had destroyed records after a store closure and that this closure was partly the result of the
current litigation).
[4] Plaintiff additionally argues that sanctions are justified not only by defendants' spoliation of evidence,
but by defendants' related noncompliance with this Court's orders to produce discovery.  The Court
finds that defendants' noncompliance merits a separate monetary sanction, discussed infra.

ORDER GRANTING IN PART MOTION FOR SANCTIONS
AND FOR EVIDENTIARY INFERENCE AT TRIAL - 6

1  docket; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring

2  disposition of cases on their merits; and (5) the availability of less drastic sanctions. <u>Leon</u>, 464

3  F.3d at 958.  The Court considers all of these factors, and notes that while defendants' spoliation

4  will prejudice plaintiff, plaintiff has not yet shown that defendants' loss of their records was

5  clearly the product of bad faith.[5]  However, the Court also notes that it may instruct the jury to

6  draw adverse inferences against defendants from their spoliation even in the absence of bad

7  faith.  <u>Glover</u>, 6 F.3d at 1329.[6]

8          The Court concludes that the sanctions plaintiff seeks go further than necessary to remedy

9  the prejudice that plaintiff will suffer due to defendants' spoliation, especially as the Court is

10 already implementing the aforementioned burden-shifting framework in light of defendants'

11 noncompliance with their record-keeping duties under the FLSA.  At this point, the only

12 sanction contemplated for the spoliation is an additional jury instruction similar to the instruction

13 ordered in <u>Apple II</u>, 888 F. Supp. 2d at 1000, such as the following:

> Defendants failed to preserve relevant evidence for plaintiff's use in this litigation
> after their duty to preserve arose.  Whether this fact is important to you in reaching
> a verdict in this case is for you to decide, bearing in mind your other instructions.

16 Under the jury instructions contemplated by this Order, plaintiff will be able to present his case,

17 and defendants will have their opportunity to rebut this case and present their own.  The burden-

18 shifting authorized by law and the instructions' acknowledgment of defendants' failure to

19 preserve evidence will offset the prejudice caused by defendants' conduct.

20         Importantly, while the Court will not issue a ruling prohibiting defendants from

21 introducing testimony or other evidence that relates to the substance of the missing records, the

22 Court will closely scrutinize evidence that defendants produce to this effect and may exclude

23 such evidence on a case-by-case basis if the Court later finds bad faith.  <u>See Evon v. Law Offices</u>

---

[5] The Court is troubled by defendants' lack of candor in not admitting to their loss of records sooner; however, the Court addresses that separately <u>infra</u>.

[6] If the Court elects to issue an adverse inference instruction, it should "carefully fashion" this sanction to "deny the wrongdoer the fruits of its misconduct yet not interfere with that party's right to produce other relevant evidence."  <u>In re Oracle Corp. Securities Litig.</u>, 627 F.3d 379, 386-87 (9th Cir. 2010).

ORDER GRANTING IN PART MOTION FOR SANCTIONS
AND FOR EVIDENTIARY INFERENCE AT TRIAL - 7

1  of Sidney Mickell, 688 F.3d 1015, 1035 (9th Cir. 2001) (citations omitted) (district courts have

2  the inherent power to levy sanctions against litigants who act in bad faith).  After many months

3  of litigation and two Court orders directing them to produce certain payroll records, discovery is

4  now closed, Dkt. # 85, and defendants now claim that they have produced all payroll records in

5  their possession, Dkt. # 94 at 1-2.  The Court will not allow defendants to ambush plaintiff with

6  the sudden discovery of new records on the eve of trial.

7  　　　　　**D.    Non-Compliance with Court Orders**

8  　　　　Plaintiff argues that the harsher spoliation sanctions he seeks are also justified by

9  defendants' non-compliance with the Court's previous orders.  Plaintiff suggests that defendants

10  did not produce the records from J & J Mongolian Grill that the latter attached to their response

11  to plaintiff's motion until well after the deadline set by the Court's March 31, 2014 order.  Dkt.

12  # 87 at 1-2 ("Defendants produced no documents to Plaintiff since the sparse, inconsistent and

13  insufficient records which were discussed during the March 23, 2014 hearing to show cause.").

14  Defendants have said nothing to rebut this suggestion.  The Court may impose sanctions for

15  willful disobedience of an order under its inherent power even where bad faith is not shown.

16  Evon, 688 F.3d at 1035 (citations omitted).  The tardiness of defendants' discovery and of their

17  admission to failing to preserve records they were ordered to produce represents a violation of

18  the Court's March 2014 order that justifies an additional sanction.  However, it is not necessary

19  that this sanction affect the case going forward.  Defendants are hereby fined in the amount of

20  $500.00.

ORDER GRANTING IN PART MOTION FOR SANCTIONS
AND FOR EVIDENTIARY INFERENCE AT TRIAL - 8

1

### III. CONCLUSION

2       For all the foregoing reasons, the Court GRANTS IN PART plaintiff's motion for

3   sanctions and an adverse evidentiary inference.  Dkt. # 87.  In light of defendants' failure to

4   preserve its payroll records, the Court will issue jury instructions along the lines of these set

5   forth in this Order.  Also, defendants shall, within fourteen days of the date of this Order, submit

6   to the Clerk's Office a check made payable to the Clerk of Court along with a copy of this Order.

7

8       DATED this 17th day of December, 2014.

9

10

11                                          *Robert S. Lasnik*
                                            Robert S. Lasnik
12                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28  ORDER GRANTING IN PART MOTION FOR SANCTIONS
    AND FOR EVIDENTIARY INFERENCE AT TRIAL - 9