Hon. Robert S. Lasnik

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

THOMAS E. PEREZ, SECRETARY OF LABOR,
UNITED STATES DEPARTMENT OF LABOR,

                  Plaintiff,

         v.

HUANG "JACKIE"  JIE, an individual, ZHAO
"JENNY" ZENG HONG, an individual, PACIFIC
COAST FOODS, INC., a Washington corporation
*doing business as* J & J MONGOLIAN GRILL, and
J & J COMFORT ZONE, INC. *doing business as*
SPA THERAPY,

                  Defendants.

)
)
) Case No. 2013-cv-00877-RSL
)
)
)
)
) **PLAINTIFF'S PROPOSED JURY**
) **INSTRUCTIONS**
)
)
)
)
)
)
)
)

Agreed upon by Defendants with no changes.

Submitted by Plaintiff, this 25th day of February, 2015.

_____
M. Patricia Smith, Solicitor of Labor
Janet M. Herold, Regional Solicitor
Bruce L. Brown, Assoc. Regional Solicitor
Jeannie Gorman, Senior Trial Attorney
Boris Orlov, Senior Trial Attorney
Alex Van Schaick, Trial Attorney
**Counsel for Plaintiff**

**INSTRUCTION NO. 1: DUTIES OF JURY TO FIND FACTS AND FOLLOW LAW**

Members of the Jury: Now that you have heard all of the evidence, and the arguments of the attorneys, it is my duty to instruct you as to the law of the case.

Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

**Source:**

Ninth Circuit Model Jury Instruction 1.1

### INSTRUCTION NO. 2: CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The Plaintiff is the Secretary of Labor.  The Defendants are Huang "Jackie" Jie, Zhao "Jenny" Zeng Hong, Pacific Coast Foods, Inc. *formerly doing business as* J & J Mongolian Grill, and J & J Comfort Zone, Inc. *doing business as* Spa Therapy and later as Relax Zone.

The Secretary claims that Defendants Huang "Jackie" Jie and Zhao "Jenny" Zeng Hong operated businesses in Alderwood Mall in Lynnwood, Washington, and in Bellis Fair Mall in Bellingham, Washington: one was Defendant Pacific Coast Foods, Inc. which was doing business as J & J Mongolian Grill, a fast food restaurant, and the other was Defendant J & J Comfort Zone, Inc., doing business as Spa Therapy (at Alderwood Mall), and later as Spa Therapy and Relax Zone (at Bellis Fair Mall).  This last business offered mall customers massages and other spa services.

The Secretary claims that Huang "Jackie" Jie, Zhao "Jenny" Zeng Hong failed to pay their employees who worked in these business at least the minimum wage of $7.25 per hour required under the Fair Labor Standards Act ("FLSA").  The FLSA is a federal law that also requires employers to pay employees an overtime rate for every hour worked over 40 in a week, which Plaintiffs claim Defendants also failed to do.  This federal law also requires employers to keep accurate and complete records of all hours worked and wages paid, and prohibits employers from intimidating or retaliating against employees who complain or in any way provide testimony to the government regarding an employer's failure to pay the full wages due or keep the records required.  The Secretary claims that Defendants violated this law by failing to keep accurate or complete records and by retaliating against their employees by requiring, intimidating and coercing their employees to create false payroll documents, give false statements to the government's investigator(s), and/or by threatening them with physical or future employment harm if the employees did not testify falsely regarding the hours they worked for the Defendants and the wages Defendants paid to them.  The Secretary has the burden of proving these claims by a preponderance of the evidence.

The Defendants deny these claims.

**Source:**

Ninth Circuit Model Jury Instruction 1.2

**INSTRUCTION NO. 3: BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE**

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

**Source:**

Ninth Circuit Model Jury Instruction 1.3

**INSTRUCTION NO. 4: TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**

You should decide the case as to each Defendant separately. Unless otherwise stated, the instructions apply to all parties.

**Source:**

Ninth Circuit Model Jury Instruction 1.5

### INSTRUCTION NO. 5: WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

(1) the sworn testimony of any witness;

(2) the exhibits which are received into evidence;

(3) any facts to which the lawyers have agreed, and;

(4) any relevant court rulings throughout the trial.

**Source:**

      Ninth Circuit Model Jury Instruction 1.6

**INSTRUCTION NO. 6: WHAT IS NOT EVIDENCE**

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I have given a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

**Source:**

Ninth Circuit Model Jury Instruction 1.7

### INSTRUCTION NO. 7: DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

**Source:**

Ninth Circuit Model Jury Instruction 1.9

**INSTRUCTION NO. 8: RULING ON OBJECTIONS**

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

**Source:**

Ninth Circuit Model Jury Instruction 1.10

**INSTRUCTION NO. 9: CREDIBILITY OF WITNESSES**

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

**Source:**

Ninth Circuit Model Jury Instruction 1.11

## INSTRUCTION NO. 10: CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case. Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case.

But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings. If any juror is exposed to any outside information, please notify the court immediately.

**Source:**

Ninth Circuit Model Jury Instruction 1.12

**INSTRUCTION NO. 11: NO TRANSCRIPT AVAILABLE TO JURY**

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

**Source:**

Ninth Circuit Model Jury Instruction 1.13

**INSTRUCTION NO. 12: TAKING NOTES**

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

**Source:**

Ninth Circuit Model Jury Instruction 1.14

**INSTRUCTION NO. 13: JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court interpreter. Although some of you may know the Mandarin language, it is important that all jurors consider the same evidence. Therefore, you must accept the English interpretation. You must disregard any different meaning.

**Source:**

Ninth Circuit Model Jury Instruction 1.16

## INSTRUCTION NO. 14: USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**Source:**

Ninth Circuit Model Jury Instruction 1.17

**INSTRUCTION NO. 15: BENCH CONFERENCES AND RECESSES**

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

**Source:**

Ninth Circuit Model Jury Instruction 1.18

**INSTRUCTION NO. 16: OUTLINE OF TRIAL**

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement. The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**Source:**

Ninth Circuit Model Jury Instruction 1.19

1

**INSTRUCTION NO. 17: STIPULATIONS OF FACT**

2

3        The parties have agreed to certain facts to be placed in evidence as Joint Exhibit 499. You should

therefore treat these facts as having been proved.

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

**Source:**

23        Ninth Circuit Model Jury Instruction 2.2

24

**INSTRUCTION NO. 18: DEPOSITION IN LIEU OF LIVE TESTIMONY**

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of Ming Dong was taken on January 29, 2015.  The deposition of Shu Jin Gan was taken on February 12, 2015.  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

**Source:**

Ninth Circuit Model Jury Instruction 2.4

1

**INSTRUCTION NO. 19:  IMPEACHMENT EVIDENCE—WITNESS**

2

3      The evidence that a witness lied under oath on a prior occasion may be considered, along with all

4 other evidence, in deciding whether or not to believe the witness and how much weight to give to the

testimony of the witness and for no other purpose.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23 **Source:**

        Ninth Circuit Model Jury Instruction 2.8

24

**INSTRUCTION NO. 20:  USE OF INTERROGATORIES OF A PARTY**

Evidence was presented to you in the form of answers of Defendants to written interrogatories submitted by the Plaintiff.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

**Source:**

Ninth Circuit Model Jury Instruction 2.10

**INSTRUCTION NO. 21: CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE**

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

**Source:**

Ninth Circuit Model Jury Instruction 2.12

**INSTRUCTION NO. 22: DUTY TO DELIBERATE**

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court. You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

**Source:**

Ninth Circuit Model Jury Instruction 3.1

## INSTRUCTION NO. 23: COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**Source:**

Ninth Circuit Model Jury Instruction 3.2

### INSTRUCTION NO. 24: RETURN OF VERDICT

A special verdict form has been prepared for you.  The special verdict form consists of several questions for you to answer.  You must answer the questions in the order in which they are written, and according to the directions on the form.  It is important that you read all the questions before you begin answering, and that you follow the directions exactly.  Your answer to some of the questions will determine whether you are to answer all, some, or none of the remaining questions.

After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

**Source:**

Ninth Circuit Model Jury Instruction 3.3

**INSTRUCTION NO. 25:  MEASURE OF DAMAGES**

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiff on any of his claims, you must determine the plaintiff's damages. The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the remedy that will reasonably and fairly compensate the plaintiff for any violation you find.  You should consider the following:

(1)      Damages to affected employees for Defendants' failure to pay the minimum wage rate;

(2)      Damages to affected employees for Defendants' failure to pay the overtime wage rate (sometimes referred to as "the overtime premium");

(3)      Whether Defendants violated the recordkeeping provisions of the FLSA, and;

(4)      Whether Defendants violated the anti-retaliation provision of the FLSA.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

**Source:**

Ninth Circuit Model Jury Instruction 5.1

## INSTRUCTION NO. 26: BURDEN OF PROOF AS TO LIABILITY

In this case it is the responsibility of the Secretary to prove every essential part of his claim by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that the Secretary's claim is more likely true than not true.

In deciding whether any fact has been proved by a preponderance of the evidence you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

The Secretary has four claims: (1) that Defendants failed to pay their employees who worked at J & J Mongolian Grill and at Spa Therapy (later operated as Relax Zone) the federal minimum wage of $7.25 for each hour worked; (2) that Defendants failed to pay their employees overtime compensation at the rate of at least one and one-half times the employee's regular rate of pay for hours worked in excess of 40 hours in a workweek; (3) that Defendants did not maintain complete and accurate records of the actual hours worked by their employees and the wages paid to the employees, and; (4) that Defendants retaliated against their employees by requiring, intimidating and coercing their employees to create false payroll documents, give false statements to the government's investigator(s), and/or by threatening them with physical or future employment harm if the employees did not testify falsely regarding the hours they worked for the Defendants and the wages Defendants paid them.  Defendants deny these claims and deny that the Secretary has proved these claims.

The "preponderance of the evidence" standard applies to each of the Secretary's claims. Thus, if you find that the proof establishes that a claim is more likely true than not true, then you should find for the Secretary as to that claim.

**Source:**

Brock v. Seto, 790 F.2d 1446, 1447 (9th Cir. 1986)

**INSTRUCTION NO. 27: FAIR LABOR STANDARDS ACT - Minimum Wage Claim**

This lawsuit arises under the FLSA, the federal law that provides for the payment of a federal minimum wage for all hours worked.  The federal minimum wage in effect was $5.85 per hour until July 24, 2008, $6.55 per hour from July 24, 2008 until July 24, 2009, and $7.25 per hour from July 24, 2009 to the present.  The Secretary of Labor claims that Defendants did not pay their employees at least the federal minimum wage for every hour worked, as required by law.

Defendants do not dispute that the workers at issue in this case were employed at either Pacific Coast Foods, Inc. *dba* J & J Mongolian Grill, or J &J Comfort Zone, Inc. *dba* Spa Therapy and then Relax Zone.  Defendants dispute whether Zhao "Jenny" Zeng Hong was an employer.

In order to prevail on this claim, the Secretary must prove that employing Defendants failed to pay employees at least the applicable federal minimum wage for all hours worked.  The Secretary may prove this through the testimony of employees as to their hours worked and wages paid.

Defendants have the responsibility to record completely and accurately the hours worked by their employees. To the extent that Defendants' records are not complete or accurate, the Secretary may establish a violation of the FLSA if he proves by a preponderance of the evidence that a given employee performed work for which he or she was not properly compensated and comes forward with sufficient evidence to support a reasonable inference of the hours worked.

If Plaintiff makes the above showing, then the burden shifts to Defendants to come forward with evidence of the precise amount of work performed by this employee or with evidence to negate the reasonableness of the inference to be drawn from Plaintiff's evidence. If Defendants fail to produce such evidence, then you may award damages to the Secretary relating to this employee even though such damages may be only approximate.

**Sources:**

Court Order (Dkt. 110 at p. 5: Dec. 18, 2014); 29 U.S.C. §206;  29 C.F.R. §778.5;  Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 686-687 (1946), *superseded by statute on other grounds as stated in* Carter v. Panama Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972); Solis v. Best Miracle Corp., 709 F.Supp.2d 843, 850 (C.D. Cal. 2010) *aff'd* 464 Fed.Appx 649 (9th Cir. 2011)

**INSTRUCTION NO. 28: FAIR LABOR STANDARDS ACT - Overtime Claim**

This lawsuit arises under the FLSA, the federal law that provides for the payment of time-and-a-half overtime pay for hours worked over 40 in any workweek.  The Secretary of Labor claims that Defendants did not pay their employees overtime pay as required by law.  Defendants do not dispute that the workers at issue in this case were employed at either Pacific Coast Foods, Inc. *dba* J & J Mongolian Grill, or J &J Comfort Zone, Inc. *dba* Spa Therapy and then Relax Zone.  Defendants dispute whether Zhao "Jenny" Zeng Hong was an employer.

In weeks where an employee has worked over 40 hours in a workweek, the state minimum wage, if it is higher than the federal minimum wage, becomes the minimum wage rate due the employee.  On January 2010, the Washington state minimum wage was $8.55.  On January 1, 2011, the Washington state minimum wage was $8.67.  On January 1, 2012, the Washington state minimum wage was $9.04.  On January 1, 2013, the Washington state minimum wage was $9.19.  On January 1, 2014, the Washington state minimum wage was $9.32.  On January 1, 2015, the Washington state minimum wage was $9.47.  In order to prevail on this claim, the Secretary must prove that employees worked over 40 hours in a workweek; and employing Defendants failed to pay them overtime compensation at the rate of at least one and one-half times the employee's regular rate of pay for each hour worked in excess of 40 hours in a workweek.

If you find that the Secretary has made the above showing, then the burden shifts to Defendants to come forward with evidence of the precise amount of work performed by this employee which shows: less than 40 hours worked; compensation paid at the overtime rate, or other evidence to negate the reasonableness of the inference to be drawn from Plaintiff's evidence.  If Defendants fail to produce such evidence, then you may award damages to the Plaintiff relating to this employee even though such damages may be only approximate.

**Sources:**

29 U.S.C. §207(a)(1); Anderson v. Mt. Clemens Pottery Co., 328 U.S. 680, 687-88 (1946), *superseded by statute on other grounds as stated in* Carter v. Panama Canal Co., 463 F.2d 1289, 1293 (D.C. Cir. 1972); Solis v. Best Miracle Corp., 709 F.Supp.2d 843, 850 (C.D. Cal. 2010) *aff'd*, 464 F. App'x 649 (9th Cir. 2011).

**INSTRUCTION NO. 29: FLSA – Failure to keep accurate and complete records of hours worked and wages paid**

The FLSA requires employers to keep accurate and complete records of all hours worked by employees and all wages paid to employees.  This is a responsibility that the employer cannot pass on to the employee.  To fulfill this requirement, an employer's records must include accurate records of the daily hours each employee worked, the total number of hours worked each workweek, the total amount of wages paid to each employee during each pay period, and the total amount of deductions from all wages.  If you find that any part of these requirements was not satisfied, for any portion of the relevant time period, then you must find that Defendants violated the recordkeeping requirements of the FLSA.

Defendants have the responsibility to record completely and accurately the hours worked by their employees. To the extent that Defendants' records are not complete or accurate, Plaintiff may establish a violation of the FLSA if he proves by a preponderance of the evidence that a given employee performed work for which he or she was not properly compensated and comes forward with sufficient `evidence to support a reasonable inference of the hours worked.

If Plaintiff makes the above showing, then the burden shifts to defendants to come forward with evidence of the precise amount of work performed by this employee or with evidence to negate the reasonableness of the inference to be drawn from Plaintiff's evidence. If Defendants fail to produce such evidence, then you may award damages to Plaintiff relating to this employee even though such damages may be only approximate.

**Sources:**
Court Order (Dkt. 110 at p. 5: Dec. 18, 2014); 29 U.S.C. §211(c); 29 C.F.R. §516.2; Brock v. Seto, 790 F.2d 1446, 1447 (9th Cir. 1986)

**INSTRUCTION NO. 30:  FLSA - Retaliation Claim**

The FLSA prohibits employers from intimidating, coercing, or otherwise threatening and/or retaliating against employees for providing information to the Secretary about an employer's failure to follow the rules and requirements under the FLSA.  The Secretary claims that Defendants retaliated against employees by threatening them, intimidating them, or otherwise targeting them because Defendants believed those employees filed a complaint with the Secretary and/or cooperated with the Secretary during his investigation of whether Defendants violated the FLSA.

In order to prevail on this claim, the Secretary must prove each of the following facts by a preponderance of the evidence:

First, that the employees engaged in conduct that is protected by law, or Defendants believed that the employees engaged in such protected conduct, or that Defendants sought to interfere or prevent employees from engaging in such protected conduct.  Protected conduct includes providing information to the Secretary or other enforcement authorities about working conditions, including pay and/or records;

Second, that the employees suffered some adverse employment action, such as being fired, having work hours reduced by the employer, or being afraid of some future action which would negatively affect the employee (such as an unjustified negative employment reference) if they engaged in reporting to and/or cooperating with the Secretary or other enforcement agencies, and;

Third, there is a causal link between the employee's conduct, perceived conduct, and or failure to act, and an adverse employment action, whether actual, feared or expected.

If you find that the Secretary proved these three facts, then you must find for the Secretary on his retaliation claim.

**Sources:**

29 U.S.C. § 215(a)(3); Tennessee Coal, Iron & R. Co. v. Muscoda Local No. 123, 321 U.S. 590, 597 (1944); Williamson v. General Dynamics Corp., 208 F.3d 1144, 1151 (9th Cir. 2000); Lambert v. Ackerley, 180 F.3d 997, 1004 (9th Cir.1999) (en banc), *cert. den.*, 528 U.S. 1116 (2000); Lyons v. England, 307 F.3d 1092, 1118 (9th Cir. 2002); Mitchell v. Robert DeMario Jewelry, Inc., 361 U.S. 288, 292-293

**INSTRUCTION NO. 31: FLSA - Employer**

An "employer" under the FLSA includes any person who acts directly or indirectly in the interest of an employer to any of the employer's employees.  In this case, the parties have stipulated that Defendant Huang "Jackie" Jie, Pacific Coast Foods, Inc. *dba* J & J Mongolian Grill, and J & J Comfort Zone, Inc. *dba* Spa Therapy and later *dba* Relax Zone are employers under the Act.  You must decide whether Defendant Zhao "Jenny" Zeng Hong is an "employer."

To determine whether Defendant Zhao "Jenny" Zeng Hong is an employer, you should consider separately whether she had the authority to hire and fire J & J Mongolian Grill and/or Spa Therapy and/or Relax Zone employees, arrange or set employees' hours, impose discipline, set pay practices, maintain employment records, or if she participated in any of the violations of the FLSA.  If you find that Defendant Zhao "Jenny" Zeng Hong had authority to do any of these things, or in fact did any of these things, then you must find that she is an employer under the FLSA.

**Sources:**

29 U.S.C. §203(d); United States v. Rosenwasser, 323 U.S. 360, 362–63 (1945) (the employer-employee relationship is broad under the FLSA); Goldberg v. Whitaker House Co-op, Inc., 366 U.S. 28, 34 (1961) (economic reality of the relationship is more important in defining the employer-employee relationship than formalistic labels); Boucher v. Shaw, 572 F.3d 1087, 1090-91 (9th Cir. 2009) *quoting* Lambert v. Ackerley, 180 F.3d 997, 1001-02, 1012 (9th Cir. 1999); Solis v. Best Miracle, 709 F.Supp.2d 843, 847 (E.D. Cal.2010), *aff'd*, 464 Fed. Appx. 649, No. 10–56146, 2011 WL 6882942 (9th Cir. 2011) (manager was "employer" under the FLSA where he had the authority to hire and fire employees, instructed employees to falsify their time cards, maintained employment records, filled out time and wage sheets, signed paychecks, and "paid all the bills."); Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1469 (9th Cir. 1983), *abrogated on other grounds by* Garcia v. San Antonio Metro. Transit Auth., 469 U.S. 528 (1985) (the definition of "employer" under the FLSA "is to be given an expansive interpretation in order to effectuate the FLSA's broad remedial purposes."); Yu G. Ke v. Saigon Grill, Inc., 595 F.Supp.2d 240, 265 (S.D.N.Y. 2008) (wife's participation in the FLSA violations were a clear indication of her personal responsibility)

**INSTRUCTION NO. 32: REPRESENTATIVE EVIDENCE**

Not all affected employees need to testify in order for the Secretary to prove the violations of the FLSA and be awarded back wages. Rather, if some employees testify about the number of hours that they worked for which the Secretary claims they were entitled to be compensated, other non-testifying employees are deemed to have shown the same thing by inference. This is called "representative testimony."  Representative testimony eliminates the need to have each and every employee testify.

You should weigh the evidence not in terms of how many employees testified but in terms of whether the testimony you heard covers other employees who worked, and is generally consistent. You may also consider whether the employees who testified performed activities similar to the activities that non-testifying employees performed, whether the witnesses who testified had the opportunity or ability to observe non-testifying employees, and whether there was evidence presented that either was consistent with or was inconsistent with the testimony of the testifying witnesses.  You may also consider whether the employer assisted or prevented the Secretary from making contact with current or former employees, and/or whether the employer's conduct, including threats, would have had the effect of discouraging workers from testifying out of fear or concern about future retaliation.

**Source:**

McLaughlin v. Ho Fat Seto, 850 F.2d 586, 589 (9th Cir. 1988)

**INSTRUCTION NO. 33: DAMAGES—Back Wages for Minimum Wage Claim**

If you find that the Secretary has proven that Defendants failed to pay employees at an hourly rate that was less than the applicable federal  minimum hourly wage, then you must turn to the question of damages, which is the amount of back pay or back wages owed to the employees.  Back pay damages are generally calculated as the difference between what the employee should have been paid had the employer paid the full federal minimum wage due for each hour worked, and the amount the employee actually was compensated.

The FLSA requires an employer to pay its employees no less than the applicable minimum wage rate for each hour worked.

If you find that Defendants' records are inaccurate or incomplete, the Secretary will have carried his burden if: (1) he proves that the employees worked but were paid at an hourly rate less than the applicable minimum wage rate, and; (2) he produces sufficient evidence for you to reasonably infer the number of hours the employees worked on average per week.

The burden then shifts to Defendants to come forward with either: (1) evidence of the precise number of hours employees worked; or (2) evidence showing that the inference about the number of hours to be drawn from the Secretary's evidence is unreasonable. If Defendants fail to carry this burden of coming forward with evidence of actual hours worked, you may then award damages to the employees even though those damages will only be approximate and are based upon a reasonable estimate, even if it is only of of many possible reasonable estimates, of the back wages due.  In simple terms, if you find that Defendants failed to keep accurate and complete records, you may not discount or disregard the Secretary's reasonable estimate of back wages simply because it is an estimate or a reconstruction of back wages owed.

Defendants failed to preserve relevant evidence for plaintiff's use in this litigation after their duty to preserve arose. Whether this fact is important to you in reaching a verdict in this case is for you to decide, bearing in mind your other instructions.

To calculate underpayment for minimum wage purposes, subtract the amount the employee was paid from the total that should have been paid at the applicable minimum wage rate.

**Sources:**
Court Order (Dkt. 110 at p. 7: Dec. 18, 2014); 29 U.S.C. §207; 29 U.S.C. §215(a)(2); 29 U.S.C. §216(b)

**INSTRUCTION NO. 34: DAMAGES—Back Wages for Overtime Claim**

If you find that the Secretary has proven his overtime claim, then you must turn to the question of damages, which is the amount of back pay or back wages owed to the employees. Back pay damages are generally calculated as the difference between what the employee should have been paid had the employer complied with the FLSA and the amount the employee actually was compensated.

The FLSA requires an employer to pay its employees at a rate of at least one and one-half times their regular rate for time worked in any workweek over 40 hours. This is commonly known as time-and-a-half pay for "overtime" work. If an employee worked more than 40 hours in a week, then the employee is owed overtime for that week. An employee's "regular rate" during a particular week is the basis for calculating any overtime pay due for that week. The "regular rate" must be at least equal to the minimum wage, but it also may be higher than the hourly minimum wage. An employee's "regular rate" or basic hourly rate of pay for a week is determined by dividing the total wages earned in a week by the number of hours worked in that week.

If you find that Defendants' records are inaccurate or inadequate, the Secretary will have carried his burden if: (1) he proves that the employees worked over 40 hours in a work week but were not paid an overtime premium; and (2) he produces sufficient evidence for you to reasonably infer the number of hours the employees worked on average per week.

The burden then shifts to Defendants to come forward with either: (1) evidence of the precise number of overtime hours employees worked; or (2) evidence showing that the inference about the number of overtime hours to be drawn from the Secretary's evidence is unreasonable. If Defendants fail to carry this burden of coming forward with evidence of actual hours worked, you may then award damages to the employees even though those damages will only be approximate and are based upon a reasonable estimate, even if it is only one of many possible reasonable estimates, of the back wages due. In simple terms, if you find that Defendants failed to keep accurate and complete records, you may not discount or disregard the Secretary's reasonable estimate of back wages simply because it is an estimate or a reconstruction of back wages owed.

Defendants failed to preserve relevant evidence for plaintiff's use in this litigation after their duty to preserve arose. Whether this fact is important to you in reaching a verdict in this case is for you to decide, bearing in mind your other instructions.

**Sources:**

Court Order (Dkt. 110, p. 7: Dec. 18, 2014); 29 U.S.C. §207(a)(1); 29 U.S.C. §216(b); Anderson v. Mt. Clemens Pottery, 328 U.S. 680, 687-88 (1946); Walling v. Youngerman–Reynolds Hardwood Co., 325 U.S. 419, 424 (1945) (the "regular rate" for purposes of overtime under the FLSA is an hourly rate)

## INSTRUCTION NO. 35: STATUTE OF LIMITATIONS

The statute of limitations is the period of time during which damages for a lawsuit can be collected.  Willful violations of the FLSA are subject to a three-year statute of limitations, meaning that you should award back wages for the three years preceding the day the Secretary filed this action.  Here, that means from May 17, 2010 to the present.  "Willful" in this case means that Defendants knew or should have known that their failure to pay the federal minimum wage and the minimum required overtime compensation for all regular and overtime hours worked violated federal law.  Defendants need not have and the Secretary need not prove an evil motive or a bad purpose for a willful violation to apply.

Violations of the FLSA which are deemed not "willful" are subject to a two year statute of limitations.  A two year statute of limitations means that back wage damages could be awarded to the Secretary for the period of May 17, 2011 to the present.

**Sources:**

29 U.S.C. §255(a); McLaughlin v. Richland Shoe Co., 486 U.S. 128, 132-33 (1988); TransWorld Airlines, Inc. v. Thurston, 469 U.S. 111, 126, fn. 19 (1985) (evil motive or bad purpose not required for willful violation); SEIU, Local 02 v. County of San Diego, 60 F.3d 1346, 1356 (9th Cir. 1994); Alvarez v. IBP, Inc., 339 F.3d 894, 908 (9th Cir. 2003) ("three year term can apply where an employer disregarded the very 'possibility' that it was violating the statute")

## INSTRUCTION NO. 36: EQUITABLE TOLLING

If you find that Defendants discouraged or prevented their employees from complaining or reporting violations to the Secretary, or find that Defendants interfered with the Secretary's investigation and prevented the Secretary from fully and timely investigating the facts which led to the allegation of violations of the FLSA, you may find that the statute of limitations applicable to this case was "equitably tolled."  Equitable tolling is a legal doctrine which stops the statute of limitations clock from running in situations where the Defendants interfered, prevented, or slowed down the Secretary's ability to learn of, investigate, or bring this enforcement action. Here, the Secretary claims that it was Defendants' regular business practice to threaten and discourage employees from reporting the failure to pay the full minimum wage and overtime wages due to the government and that the Defendants took affirmative steps to coerce their employees into giving false testimony to the Secretary during the Secretary's investigation in order to obscure the full scope and extent of the Defendants' violations of federal law. Because of Defendants' intimidation, coercion, or threatening of physical and economic harm to their employees, the Secretary contends the the statute of limitations should be "equitably tolled."

If you toll the statute of limitations, you can calculate the back wages due for a time period longer than the applicable statue of limitations.  If you apply equitable tolling, you may calculate back wage damages beginning on a date earlier than May 17, 2010 that you feel is most appropriate and/or corresponds to the time lost by the Secretary because of Defendants' interference, retaliatory and/or coercive conduct that prevented and/or delayed the timely investigation of the Defendants' violations by the Secretary.

**Sources:**

Adams v. Inter-Con Sec. Systems, Inc., 242 F.R.D. 530, 542 (N.D. Cal. 2007) (tolling FLSA limitations period where plaintiffs bore no fault in delay in bringing suit) *citing* Partlow v. Jewish Orphans' Home of S. Cal., Inc., 645 F.2d 757, 760 (9th Cir. 1981), *abrogated on other grounds by* Hoffman-LaRoche v. Sperling, 493 U.S. 165 (1989) (applying equitable tolling to the FLSA); Carrillo v. Schneider Logistics, Inc., 2012 WL 556309, *14 (C.D.Cal. 2012) (equitable tolling from first date of employer's operation justified where workers were prevented from obtaining information necessary to determine whether their rights under the FLSA were violated); Cruz v. Maypa, 773 F.3d 138, 146 (4th Cir. 2014) (equitable tolling is available when employer's wrongful conduct prevents employee from asserting her claims, or extraordinary circumstances beyond employee's control made it impossible to file the claim on time)

**INSTRUCTION NO. 37: LIQUIDATED DAMAGES – Good Faith Exception**

If you decide that back wages are due to the employees for Defendants' minimum wage and/or overtime violations, then under the FLSA, the employees are entitled to an equal amount of additional damages, also known as "liquidated damages."  The court will award liquidated damages automatically, unless you find that Defendants proved by a preponderance of the evidence that their failure to pay employees minimum wage and/or overtime compensation was in good faith.  "Good faith" in this context means that Defendants took active steps to ascertain and follow the rules of the FLSA, and that they had objectively reasonable grounds for believing that their conduct complied with the FLSA.  Ignorance of the law is not "good faith."

**Sources:**

29 U.S.C. §216(b); 29 U.S.C. §260; Alvarez v. IBP, Inc., 339 F.3d 894, 910 (9th Cir. 2003) (employer must satisfy "difficult" burden of objective and subjective good faith to avoid liquidated damages); Ackler v. Cowlitz County, 7 Fed.Appx. 543, 544 (9th Cir. 2001) *citing* Williams v. Tri-County Growers, Inc., 747 F.2d 121, 129 (3rd Cir. 1984); Barcellona v. Tiffany English Pub., Inc., 597 F.2d 464, 468-69 (5th Cir. 1979) (it is not reasonable for an employer to remain ignorant of clear law)

**INSTRUCTION NO. 38: DAMAGES – Retaliation Claim**

If you find that the Secretary has proven his retaliation claim, then you must consider the issue of compensatory damages.  Compensatory damages are awarded to put the injured party - in this case, Defendants' employees - in the same position they would have occupied if the retaliation had not occurred.  The Secretary must show that the damages he claims would not have occurred without the Defendants' retaliation.

Compensatory damages may include economic and noneconomic damages.  Economic damages in this case may include things like expenses associated with looking for a new job or late fees or penalties incurred as a result of failing to pay bills on time.  Noneconomic damages may include compensation for emotional pain and suffering.  No fixed standard exists for deciding the amount of these damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

**Sources:**

Ninth Circuit Model Jury Instruction 5.2; 29 U.S.C. §§215(a)(3), 216(d); Travis v. Gary Community Mental Health Center, Inc., 921 F.2d 108, 111-112 (7th Cir. 1990), *cert. den.* 502 U.S. 812 (1991) (compensation for emotional distress is appropriate for retaliatory discharge

**INSTRUCTION NO. 39: DAMAGES FROM MORE THAN ONE DEFENDANT**

In this case, the Secretary seeks damages, i.e., unpaid wages, liquidated damages, and compensatory damages from more than one defendant.  The Secretary seeks liability only from those individuals and/or entities who you have determined meet the definition of an "employer."  You must determine the <u>liability</u> of each defendant to the Secretary separately.  If you find that more than one defendant is liable to the Secretary for damages, then you will be asked to determine the Secretary's total damages.  In deciding on the amount of damages, consider only the total amount of unpaid wages, liquidated damages and compensatory damages due for all employees.  Do not attempt to divide the <u>damages</u> among the defendants. After you reach your verdict, the court will allocate responsibility for payment of damages among the defendants.

**Sources:**

Boucher v. Shaw, 572 F.3d 1087, 1094 (9th Cir.2009) (corporate officer with operational control is a jointly and severally liable employer); Lambert v. Ackerley, 180 F.3d 997, 1011-1012 (9th Cir. 1999) (individual who exercises 'control over the nature and structure of the employment relationship,' or 'economic control' over the relationship … is an employer within the meaning of the [Fair Labor Standards] Act, and is subject to liability" *quoting* Bonnette v. California Health & Welfare Agency, 704 F.2d 1465, 1469 (9th Cir. 1983)); Solis v. Velocity Express, Inc., No. 03:09-cv-00864-MO, 2010 WL 2990293, *2 (D.Or. 2010) (individual is "personally liable for FLSA violations if he or she exercises control over the nature and structure of the employment relationship or economic control over the relationship…")

**INSTRUCTION NO. 40: WAIVER PROHIBITED**

Employees may not waive their rights, either orally or in writing, under the FLSA.  This means that an employee does not lose any right he or she may have to back wages by failing to complain to his or her employer or by any other action, such as signing a document at the employer's request stating that the employee has no complaint against his employer.

**Source:**

Brooklyn Sav. Bank v. O'Neill, 324 U.S. 697, 706-07 (1945).