UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

THOMAS E. PEREZ, Secretary of Labor,
United States Department of Labor,

    Plaintiff/Petitioner,

v.

HUANG "JACKIE" JIE, an individual,
ZENG HONG ZHAO, an individual,
PACIFIC COAST FOODS, INC., a
Washington corporation *doing business as* J
& J COMFORT ZONE, INC. *doing business
as* SPA THERAPY,

    Defendants/Respondents.

NO. C13-877RSL

ORDER TO SHOW CAUSE

This matter comes before the Court on the "Secretary's Motion for Remedies In Light Of Defendants' Misrepresentation To Lower Their Monthly Amount to Purge Contempt." Dkt. # 226. The Secretary alleges that defendants have deliberately misrepresented their financial condition in at attempt to lower the Court-ordered payments required to purge contempt in the amount of $652,859.62. See Dkt. # 196. Having reviewed the memoranda, declarations, and exhibits of the parties, as well as the remainder of the record, the Court finds as follows.

On March 24, 2015, after a jury found that defendants had violated the Fair Labor Standards Act (FLSA), the Court entered a judgment jointly and severally against defendants and in favor of the Secretary of Labor in the amount of $1,337,519.20. Dkt. ## 155, 157. The Court ordered defendants to deliver a cashier's check or money order in the amount of

ORDER TO SHOW CAUSE - 1

$652,859.62 to the Department of Labor within seven days of the entry of judgment. Dkt. # 155. Defendants subsequently failed to make any payments toward satisfying the judgment, and after a hearing on defendants' ability to afford the court-ordered payments, the Court found defendants in civil contempt of court for $652,859.62. Dkt. # 196. The Court ordered defendants to pay $1,800 immediately, then $2,500 per month to purge contempt.

After defendants made the initial $1,800 payment in March 2016, defendant Huang "Jackie" Jie filed for Chapter 7 bankruptcy, and Defendant Zhao "Jenny" Hong requested an abatement of the monthly contempt payments pending appeal. Defendant Zhao argued that defendant Jie's bankruptcy rendered her solely liable for the monthly payments, which she could not afford. Dkt. ## 197, 198, 203. In June 2016, the Court found that defendant Jie's bankruptcy proceeding stayed enforcement of the judgment against him, and reduced the monthly contempt payment to $375 per month, an amount deemed reasonable for defendant Zhao to bear on her own. The Court also ordered defendant Zhao to provide a financial statement every three months, beginning July 1, 2016, documenting all household income and expenses. Finally, the Court ordered defendant Zhao to provide her yearly tax returns, and her companies', to the Court within thirty days of filing them. Dkt. # 204.

Defendant Zhao failed to file her financial statement until July 29, 2016, and when she did so, she failed to include all of the required documentation. Dkt. # 205. In response, the Secretary requested, and the Court granted, a second debtor's examination. Dkt. ## 206, 207. Defendant Zhao and her counsel failed to appear for that examination, and an arrest warrant was issued. Dkt. ## 211, 212. Eventually, Magistrate Judge Brian Tsuchida granted defendant's motion to recall the arrest warrant. Dkt. # 217. Magistrate Judge Tsuchida also granted the Secretary's motion for sanctions in the amount of $608 against defendant Zhao and $2,000 against defendant's counsel (which was suspended on the condition that defense counsel fully comply with the Court's orders). Dkt. # 224.

In December 2016, the Secretary filed this motion for relief, arguing that defendant Zhao had misrepresented her financial condition and that in fact she had continued to maintain her

ORDER TO SHOW CAUSE - 2

"luxurious standard of living" while failing to purge contempt through the court-ordered payments. The Secretary asks the Court to find that defendant Zhao and defendant Jie have been fraudulently commingling their finances and that defendant Zhao is capable of greater monthly payments to purge contempt; to require defendant Zhao pay the full amount of damages still owed to the defendant's employees (or alternatively to reinstate contempt payments of $5,000 per month); to require defendant Zhao to surrender for liquidation certain luxury items that defendant has purchased; to continue requiring defendants to comply with the previously ordered financial reporting requirements; and to award the Secretary the fees and costs incurred in litigating defendants' contempt. The Secretary further asks the Court to warn defendant Zhao that noncompliance with Court orders will result in seizure of defendant's passport until compliance is achieved, or in the issuance of a warrant for defendant's arrest.

In response, defendant Zhao asserts that she is not "living a luxurious lifestyle" and explains in a sworn declaration that she has relied on credit cards to pay for her own living expenses and for those of her adult daughter, and that she currently has about $15,000 in credit card debt. Dkt. # 228. Defendant states that she been paying off her credit card bills using loans from her sisters, who live in China. Dkt. # 228.

In January 2017, the Secretary filed a notification of defendant Zhao's failure to file periodic reports detailing her income and expenses in October 2016 and January 2017, and failure to make timely payments. It appears that defendant Zhao made late – but complete – payments from July 2016 through December 2016, and a late and incomplete payment of $345 in January 2017. Dkt. ## 230-1, 231.[1] Defendant Zhao has not responded to the Secretary's notification.

Defendant Zhao does not contest the Secretary's claim that she has failed to comply with

---

[1] It also appears that when the Secretary filed this motion for remedies, he mistakenly believed that defendant Zhao's monthly payments of $375 had all arrived over a month late. The corrected declaration of Ilene Barton, Dkt. ## 230-1, 230-2, and the Secretary's notification of defendant Zhao's continuing violation, Dkt. # 231, explain that defendant Zhao's monthly checks were all actually about a week late, rather than over a month late.

ORDER TO SHOW CAUSE - 3

the Court's order requiring periodic financial reports detailing her income and expenses. Neither does defendant Zhao provide any specific documentation – other than her 2015 tax return and pay stubs from December, May, and June 2015, see Dkt. # 228 – in an attempt to refute the Secretary's allegation that she can afford contempt payments of more than $375 per month.

At the same time, the documents and deposition transcripts provided by the Secretary do not conclusively show that defendant Zhao is capable of paying more than $375 per month. Rather, they suggest that defendant Zhao has not found regular employment (whether by choice or by circumstances beyond her control) and that she relies heavily on credit card debt to maintain her standard of living. Defendant Zhao's two trips to China are not evidence that she has spent money on travel rather than on her contempt payments, as one of her relatives or friends could have purchased her plane tickets and otherwise funded her travel. And whether or not defendant Jie has commingled his finances with defendant Zhao's in order to shield those funds from the ongoing bankruptcy proceedings is a matter for resolution by the bankruptcy court.

The Court concludes that, given defendant Zhao's regular (if tardy) monthly payments of $375, it is not necessary to imprison defendant Zhao or to seize her passport in order to enforce compliance with its contempt order. But updated documentation of defendant Zhao's financial situation is required.

Accordingly, defendant Zhao is hereby ORDERED TO SHOW CAUSE by Friday, May 12, 2017, why the Court should not increase her monthly payment to purge contempt from $375 to $1000. By May 12, 2017, Defendant Zhao must provide a sworn financial statement to the Court, using the form attached to this order as Exhibit A and attaching documentation showing all household income and expenses. The Secretary may file a response within 14 days. Defendant Zhao must then file an updated financial statement as described above by July 1, 2017, and every three months thereafter until further order of the Court. Defendant Zhao must also provide the Court with her 2016 tax return, and her companies', within 30 days of filing.

ORDER TO SHOW CAUSE - 4

The Secretary may file a response within 14 days of the filing of these tax returns.

Defendant Zhao must continue to pay the Secretary of Labor $375 by the first day of each month, as previously ordered. All payments to the Secretary shall be by certified check or money order made payable to "U.S. Department of Labor," Attn: Jeannie Gorman, 300 Fifth Ave., Suite 1120, Seattle, WA 98104. If defendant Zhao fails to show cause as described above by May 12, 2017, the Court will enter an order increasing defendant Zhao's monthly required payment to $1000 and imposing the Court's previously suspended sanction of $2,000 against defendant Zhao's attorney, Glyn Lewis, see Dkt. # 224.

The Secretary's motion for remedies (Dkt. # 226) is thus GRANTED in part. The Clerk of Court is directed to note this order to show cause on the Court's calendar for Friday, May 12, 2017.

DATED this 20th day of April, 2017.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER TO SHOW CAUSE - 5

# FINANCIAL STATEMENT
## Perez v. Jie, *et al.* - Case No. C13-877RSL

This report is for the three month period from _____ to _____.
*Check the box next to each entry if documentation is attached.*

**ALL AMOUNTS RECEIVED:**
During this time period, I earned, borrowed, or otherwise received the following:

☐    $ _____ from _____ for _____;

☐    $ _____ from _____ for _____;

☐    $ _____ from _____ for _____;

☐    $ _____ from _____ for _____;

**HOUSEHOLD EXPENSES:**
During this time period, I paid household expenses of:

☐    $_____ for mortgage/rent

☐    $_____ for groceries

☐    $_____ for water

☐    $_____ for electricity

☐    $_____ for phone/internet/tv

☐    $_____ for transportation, including automobile costs

☐    $_____ for other utility/utilities, of:

                                               _____
                                               _____

☐    I incurred additional expenses of $_____ for _____

☐    I incurred additional expenses of $_____ for _____

☐    I incurred additional expenses of $_____ for _____

**GIFTS:**
During this period, I made gifts of or valuing the following amounts to the following individuals for the following occasions/reasons:

☐    $_____ to _____ for _____;

☐    $_____ to _____ for _____;

☐    $_____ to _____ for _____;

*Attach additional pages if more space is needed to complete this form.*

**OTHER EXPENDITURES:**

During this time period, I made the following purchases of over $250, whether in full, partial, or on credit:

☐   $_____   for _____;

☐   $_____   for _____;

☐   $_____   for _____;

☐   $_____   for _____;

**CHANGES TO FINANCIAL CONDITION:**

During this period, my financial condition changed in that I opened, closed, deposited, withdrew, or transferred the following amounts of over $250 from the following financial, credit, or other accounts:

☐ Institution: _____ Acct. No.: _____

Reason for change: _____ Amount affected: $_____

☐ Institution: _____ Acct. No.: _____

Reason for change: _____ Amount affected: $_____

☐ Institution: _____ Acct. No.: _____

Reason for change: _____ Amount affected: $_____

I, _____ declare under the penalty of perjury that the foregoing is true and correct.

                                             Dated: _____

                                             Location: _____

                                             Signature: _____

*Attach additional pages if more space is needed to complete this form.*