UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor,<br><br>　　　　　Plaintiff/Petitioner,<br><br>　　v.<br><br>HUANG "JACKIE" JIE, an individual, ZHAO "Jenny" ZENG HONG, an individual, PACIFIC COAST FOODS, INC., a Washington corporation *doing business as* J & J COMFORT ZONE, INC. *doing business as* SPA THERAPY,<br><br>　　　　　Defendants/Respondents. | Case No. 13-877RSL<br><br>ORDER DENYING MOTION FOR DECLARATORY RELIEF |

　　　This matter comes before the Court on defendant Zhao "Jenny" Zeng Hong's "Motion for Declaratory Relief Regarding Settlement Payment." Dkt. # 245. The Court has considered the parties' memoranda, declarations, and exhibits. The motion is DENIED.

　　　This motion stems from the U.S. Department of Labor's ongoing effort to recover a judgment against defendants that the Secretary of Labor obtained in a four-year-old Fair Labor Standards Act case. After a jury returned a verdict in the Secretary's favor, see Dkt. # 155, the individual defendants—Ms. Hong and her co-defendant Huang Jie—sued their original attorney, Chris Jackman, for malpractice, Dkt. # 245-1. They recently settled that case for $29,000 apiece, but before Ms. Hong's settlement made it to her client trust fund, the Secretary served Mr. Jackman's lawyers with a garnishee order demanding that the money be paid directly to the

ORDER DENYING MOTION FOR DECLARATORY RELIEF - 1

government instead. See Case No. C17-72, Dkt. # 18. In the instant motion, Ms. Hong seeks an order from this Court declaring that she be able to pay her malpractice attorney's legal fees from the settlement before the government gets the rest of it.[1]

Ms. Hong argues the federal statute authorizing writs of garnishment, 28 U.S.C. § 3205, "does not allow a creditor to seize third-party interests," Dkt. # 245. She cites United States v. Rogan, 639 F.3d 1106 (7th Cir. 2011), which explains the distinction between a debtor's equity interest in a company or investment instrument, as compared to that company or investment instrument's assets, see id. at 1108. Rogan stands for the proposition that a writ of garnishment covers the former and not the latter. Id. Ms. Hong asserts that the Secretary cannot seize the portion of the settlement representing her attorney's interest equaling his fees, but Ms. Hong shows no actual division of legal interests in the settlement. She provides his invoice, but that only shows she owes him money. One example of securing an attorney's legal interest in a settlement is an attorney's lien. Washington has a longstanding attorney's lien statute, see RCW § 60.40.010, that "allows a lawyer to file a lien for compensation on money in the hands of the adverse party prior to the rendering of a judgment," Jones v. Int'l Land Corp., 51 Wn.App. 737, 740 (1988). Ms. Hong, however, offers no proof of a lien or any other legal instrument carving out a separate interest in the settlement from her own. If she could, it still remains unclear why this Court would be the proper venue for asserting it.

For those reasons, and because Ms. Hong cites no other legal authority for the order she seeks, her motion is DENIED.

DATED this 1st day of December, 2017.

Robert S. Lasnik
United States District Judge

---

[1] It appears the relief Ms. Hong seeks may no longer be available. A recent filing by the Secretary documenting Ms. Hong's progress satisfying her judgment appears to indicate that $29,000 has in fact been remitted to the Department of Labor. See Dkt. # 249 at 2. Insofar as the relief the instant motion seeks is no longer available, the motion is moot.

ORDER DENYING MOTION FOR DECLARATORY RELIEF - 2