Hon. Robert S. Lasnik

# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| THOMAS E. PEREZ, Secretary of Labor, United States Department of Labor<br><br>Plaintiff,<br><br>vs.<br><br>HUANG "JACKIE" JIE, an individual, ZHAO "JENNY" ZENG HONG, an individual, PACIFIC COAST FOODS, INC., a Washington corporation doing business as J & J MONGOLIAN GRILL, and J & J COMFORT ZONE, INC. doing business as SPA THERAPY,<br><br>Defendant | CASE NO.: 2013-cv-00877-RSL<br><br>ORDER GRANTING MOTION FOR WITHDRAWAL OF COUNSEL |

This matter comes before the Court on the Motion for Withdrawal of Counsel. Glyn Lewis moves to withdraw as counsel for Defendants Huang "Jackie" Jie, Zhao "Jenny" Zeng Hong, Pacific Coast Foods Inc. and J&J Comfort Zone Inc.

Attorneys may withdraw from representation in a civil case by filing a motion or stipulation for withdrawal and certifying that the motion or stipulation was served on the

**ORDER**   1

client:

Attorneys may withdraw from representation in a civil case by filing a motion or stipulation for withdrawal and certifying that the motion or stipulation was served on the client:

> No attorney shall withdraw an appearance in any cause, civil or criminal, except by leave of court. Leave shall be obtained by filing a motion or a stipulation for withdrawal or, if appropriate, by complying with the requirement of CrR 5(d)(2). A motion for withdrawal shall be noted in accordance with CR 7(d)(2) or CrR 12(c)(7) and shall include a certification that the motion was served on the client and opposing counsel. A stipulation for withdrawal shall also include a certification that it has been served upon the client. The attorney will ordinarily be permitted to withdraw until sixty days before the discovery cut off date in a civil case. Local Rule GR 2(g)(4)(A).

Pursuant to 28 U.S.C. § 1654, parties may appear personally in federal court or through licensed counsel. Courts have uniformly interpreted 28 U.S.C. § 1654 to prohibit corporations, partnerships, and associations from appearing in federal court other than through a licensed attorney. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 202 (1993). Accordingly, the Local Rules of the Western District of Washington impose special requirements on attorneys seeking to withdraw from representation of corporations:

> If the attorney for a corporation is seeking to withdraw, the attorney shall certify to the court that he or she has advised the corporation that it is required by law to be represented by an attorney admitted to practice before this court and that failure to obtain a replacement attorney by the date the withdrawal is effective may result in the dismissal of the corporation's claims for failure to prosecute and/or entry of default against the corporation as to any claims of other parties.

Local Rule GR 2(g)(4)(B).

The motion to withdraw as counsel is granted. Mr. Lewis has provided

**ORDER**      2      LAW OFFICE OF GLYN E. LEWIS
1100 Dexter Ave. N., Ste. 100
Seattle, WA 98109
Telephone (206) 661-5773

nonpayment of legal fees as the reason for his withdrawal. Mr. Lewis has certified that Pacific Coast Foods Inc. and J&J Comfort Zone Inc. has been advised that it is required to be represented by an attorney, and that failure to obtain substitute counsel may result in default. Mr. Lewis' motion was served on his clients.

In addition, no party has filed papers in opposition to this motion. See Local Rule CR 7(b)(2).

Dated: February 28, 2018

_____
ROBERT LASNIK
United States District Judge

**ORDER**  3